## SMITH *vs.* GAFFARD.

[SLANDER FOR WORDS SPOKEN OF UNMARRIED FEMALE.]

1. *Sufficiency of complaint.*—In an action by an unmarried female, for the false speaking of words imputing to her a want of chastity, (Code, §§ 2220, 2229, and form of complaint for "*verbal slander*," p. 554,) if the words charged do not, *per se*, impute a want of chastity, they must be connected with an averment of the extrinsic facts necessary to show that they contained such imputation; *e. g.*, where the words charge a past pregnancy and miscarriage, the complaint must aver that the plaintiff was unmarried at such a

time as would make the pregnancy charged an imputation on her chastity; and this, notwithstanding it is alleged that she is an infant and unmarried. (RICE, C. J., *dissenting*.)

2. *When words charging procurement of abortion are actionable.*—The words, "I suppose C. was with child, and took something to make her lose it," although charging an offense involving moral turpitude, are not, *per se*, actionable, because they do not charge an indictable offense; the statute of this State (Code, § 3230) not applying to a woman who procures an abortion on herself, and the common-law offense being restricted to cases in which she was quick with child.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN GILL SHORTER.

THE complaint in this case was in these words :

"The plaintiff, Caroline Smith, an infant under the age of twenty-one years, who sues by her next friend, claims of the defendant $10,000, as damages for falsely and maliciously charging said plaintiff, who is an unmarried female, with a want of chastity, by speaking of and concerning her, in the presence of divers persons, in a conversation where the subject of the plaintiff's having, previous to that time, been pregnant with child, and having given birth to it by producing an abortion, was spoken of and referred to, these false, malicious, and scandalous words, in substance, 'I suppose Caroline Smith has lost a young one'; also, these words, 'Caroline Smith has lost a child'; also, these words, 'I suppose Caroline (meaning plaintiff) was with child, and took something to make her lose it'; also, these words, 'There was something the matter with Caroline Smith that Doctor Donald could not account for, until he sent for Mrs. Hawkins, and she examined her,' (meaning thereby that plaintiff had been pregnant, and had miscarried, or had given birth to a child,) viz., on the 1st May, 1856."

To this complaint a demurrer was interposed, on the following grounds: "1st, that there is no sufficient cause of action set forth in said complaint; 2d, that said complaint shows on its face that the words alleged to have been spoken are true; 3d, that the words charged to have been spoken by defendant are not, of themselves, actionable, and there are no averments in the complaint making

them actionable; 4th, that said complaint shows that plaintiff had been pregnant, and had given birth to a child by producing abortion, and that the words charged to have been spoken by defendant were spoken of and concerning such pregnancy and abortion."

The court sustained this demurrer; and the plaintiff, declining to amend, excepted, and took a nonsuit.

D. W. Baine, Martin, Baldwin & Sayre, and John K. Henry, for the appellant.—1. The complaint conforms to the requirements of the Code, and, consequently, is sufficient, even though it may not contain all the averments necessary to show a cause of action.—Pickens v. Oliver, 29 Ala. 537. On the authority of this case, it must be understood as charging the words to have been spoken under such circumstances as would constitute slander; and if the proof did not disclose such circumstances, no recovery could be had. The form prescribed by the Code is general, and intended to apply to all cases of verbal slander, whether the words are or not, *per se*, actionable. The averment of facts of inducement is not, in terms, dispensed with; but such is the necessary effect of the several statutory provisions. The *colloquium* and *innuendo* are dispensed with; and why should it be necessary to aver facts of inducement, when it is not necessary to show any connection between those facts and the words spoken? In an action for words charging the crime of larceny, but not actionable *per se*, would it be necessary to aver that property had been stolen, when the statute makes it unnecessary to aver that the words were spoken in reference to such larceny? Is it reasonable to suppose that the framers of the Code intended to require an averment of extrinsic facts, but dispensed with the link connecting them with the words spoken? The prescribed form professes to state all the necessary averments of the complaint, and to be general in its application. To confine it to any particular class of cases, would produce a strange jumble of conflicting systems of pleading: we would then have common-law suits for slander, and Code slander suits. If section 2229 is to be confined in its application

to cases in which the words charged are, *per se*, actionable, it becomes entirely useless and purposeless; for, in such cases, at common law, there was no necessity for a *colloquium* or *innuendo*.

2. The complaint sufficiently shows, when fairly construed, that the plaintiff was unmarried at the time of the charge. It shows that she is an infant, unmarried, and bearing the same name by which she was known when the charge was made. The term *unmarried*, in its ordinary acceptation, means a person who has never been married; and it is to be presumed that an unmarried female, under the age of twenty-one, never was married.

3. The words charging that plaintiff produced an abortion on herself, are clearly slanderous. They charge an offense involving moral turpitude, and indictable. The procuring of a miscarriage, by the pregnant woman herself, or by a third person, was a misdemeanor at common law. The distinction found in the books, as to the woman being "quick with child," or not, grew out of the English statutes on the subject.—4 Bla. Com. 198; 1 Hale's P. C., ch. 31, § 16; Tomlin's Law Dictionary, 108; Roscoe's Cr. Ev. 240; 3 Chitty's Cr. Law, 798; 1 Russell on Crimes, 553. Aside from the common law, the offense charged comes within the provisions of section 3230 of the Code, which is couched in terms similar to the English statutes, under which women who produced abortion on themselves were held included.— 7 Bacon's Abr. (by Bouvier,) 189.

4. The complaint does not contain an admission of the truth of the charge, but only that the charge was the subject-matter of the conversation; and the same sentence avers distinctly that the charge was false.

WATTS, JUDGE & JACKSON, *contra.*—1. An action on the case, for the false speaking of words imputing to a woman a want of chastity, is purely statutory; the common law gave none, without proof of special damage. The statute dispenses with the averment of special damage, and gives an action, only where the words themselves impute a want of chastity. If the words themselves, though

Smith v. Gaffard.

intended or understood to convey that imputation, do not contain such charge, the additional facts necessary to complete the charge must be averred.

2. A charge of pregnancy is not an imputation on the chastity of a woman, unless she was at the time unmarried. Construing the complaint in this case most strongly against the pleader, it must be presumed that the plaintiff was married at the time of the alleged pregnancy.

3. The complaint itself admits the truth of the charge.

WALKER, J.—The complaint claims damages for the false charge of a want of chastity against the plaintiff, by speaking certain words. Those words attribute to the plaintiff past pregnancy, the having had a child, and a miscarriage ; and some of them charge, "that she had taken something to make her lose" a child. The declaration avers, that she is an unmarried woman ; but not that she was, either at the time of or before the pregnancy, unmarried. The complaint does not negative the coverture of the plaintiff at such a time as to make the pregnancy charged an imputation upon her chastity.

That the plaintiff was an infant, and unmarried, at the commencement of the suit, renders it probable that she had never been married ; but the rule which construes most strongly against the pleader, forbids us to regard a mere probability of the existence of a fact, as an averment in pleading. Everything in the complaint may be true, and yet the words of the defendant may make no imputation against the plaintiff's chastity. The words do not, of themselves, imply the accusation of a want of chastity. They would only imply such an accusation, when referred to the absence of marriage at a certain time, which is not shown in the complaint.

The Code (§ 2220) makes words falsely impugning female chastity actionable *per se*. It dispenses (§ 2229) with the *colloquium* and *innuendo*, and prescribes that "it is sufficient to state in the complaint that the defendant falsely and maliciously charged the plaintiff with perjury, larceny, or other crime, as the case may be, in substance as follows, setting it out." It also lays down a form of

complaint for verbal slander, which conforms to section 2229. We do not understand either section 2229, or the form made in conformity to it, as dispensing with the necessity of showing by averments that the words spoken impute a want of chastity. If they do not, except when referred to some extrinsic fact, such fact must be averred; and it cannot be sufficient, in the absence of such averment, for the pleader simply to state that the defendant charged the plaintiff with a want of chastity, by speaking those words. Such a statement is a conclusion of the pleader, not authorized by the words. It may be authorized by the words, in connection with some other fact; but we cannot maintain the pleading by inferring the existence of facts which will authorize the pleader's conclusion.

Our decisions, that the necessity of averring title in an action to recover personal property is dispensed with in the Code, have no application here.—Pickens v. Oliver, 29 Ala. 528; Crimm v. Crawford, 29. Ala. 623. Those decisions are made in reference to a form which contains no averment of title.

2. It remains for us to consider the question, whether words which charge the procurement of an abortion are, *per se*, actionable. Those words are as follows: "I suppose Caroline was with child, and took something to make her lose it." If it be conceded that these words impute to the plaintiff the intentional production of an abortion by the taking of a drug under circumstances not allowed by the law, they. are not, of themselves, actionable. Words, not imputing a want of chastity to a female, are only actionable, when they charge the commission of an offense indictable by law, and drawing after it an infamous punishment, or involving moral turpitude.—Hillhouse v. Peck, 2 Stew. & Por. 395; Perdue v. Burnett, Minor, 138; Dudley v. Horn and Wife, 21 Ala. 379; Berry v. Carter, 4 Stew. & Por. 387. It is decided in New York, that the procurement of an abortion, under circumstances not allowed by law, is an offense involving moral turpitude.—Bissell v. Cornell, 24 Wend. 354. We adopt that decision, as a correct statement of the law. After the

concessions heretofore made for the sake of the argument, it is a sequence from the adoption of the New York decision, that the words are actionable, *per se*, if they impute an indictable crime. The Code (§ 3230) provides, that any person, who willfully administers to any pregnant woman any drug or substance, to procure her miscarriage, unless the same is necessary to preserve her life, and done for that purpose, must, on conviction, be fined not more than five hundred dollars, and imprisoned not less than three, nor more than twelve months." This statute reaches and provides for the punishment of him who administers the drug, who directs or causes it to be taken, but not the woman who herself takes it. At common law, the production of a miscarriage was a punishable offense, provided the mother was at the time "quick with child."—1 Bla. Com. 129–30. This principle is thoroughly discussed, in reference to the authorities, in the case of The State v. Cooper, 2 Zabriskie's (N. J.) R. 52. To that decision, and the authorities cited in it, we refer, for a full vindication of the principle. See, also, Commonwealth v. Banks, 9 Mass. 388; Same v. Parker, 9 Met. 263. In this case, it does not appear from the words themselves, nor from any part of the complaint, that the imputation of an abortion, procured when the woman was "quick with child," was conveyed, or intended to be conveyed. Unless the words convey that imputation, or were intended to convey that imputation, they do not charge an offense punishable by law under indictment, and, therefore, are not, *per se*, actionable.

The judgment of the court below is affirmed.

RICE, C. J.—A count in slander, framed upon words which are *incapable* of an actionable meaning, is defective, as well under the Code, as under the common law.—Kirksey v. Fike, 29 Ala. 206, and authorities cited. Whether the words are *capable* of an actionable meaning, is the first question to be settled. If they are, then arises the second question for determination, to-wit, *whether their actionable quality is sufficiently disclosed by the count.* The first question is settled in the affirmative, by section 2220 of the

Code, which provides, that "any words, written, spoken or printed, of any female, married or unmarried, *falsely imputing to her a want of chastity*, *are actionable*, without proof of special damages." The common law does not furnish the rule for determining the second question. That law, so far as it might have had any bearing on that question, is repealed by the Code.—Commonwealth v. Cooley, 10 Pick. R. 37. The provisions of sections 2228 and 2229 of the Code, and the form of complaint for verbal slander given in the Code, (page 554,) amount to a complete revision of the former law upon the entire subject of what shall be deemed in this State a sufficient disclosure of the actionable quality of the words set forth in a complaint for slander; and as they amount to such complete revision, they operate as a repeal of the former law upon that particular subject, and furnish the binding rule of decision.—See Commonwealth v. Cooley, *supra;* Pickens v. Oliver, 29 Ala. 537.

Section 2229 of the Code not only provides that "no *colloquium* or *innuendo* is necessary in actions for defamation," but goes further, and explicitly declares *the new rule of sufficiency* in the disclosure of the actionable quality of the words in the complaint. Its language is as follows: "*It is sufficient* to state in the complaint that defendant falsely and maliciously charged the plaintiff with perjury, larceny, or other crime, as case may be, in substance as follows, setting it out."

To prevent all misunderstanding of this new rule, a form of complaint was given in the schedule of forms in the Code, which form is in the following words:

"A. B., plaintiff, } The plaintiff claims of the defend-
vs. } ant ——— dollars, as damages for
C. D., defendant. } falsely and maliciously charging the plaintiff with perjury, (larceny, or other crime, as the case may be,) by speaking of and concerning him, in the presence of divers persons, in substance as follows: (here set out the defamatory language,) viz., on the ——— day of ———.  "E. F., att'y for plaintiff."

And then, "to make assurance doubly sure," section 2228 of the Code contains the following general rule, to-wit, "Any pleading, which conforms substantially to the schedule of forms attached to this part, *is sufficient.*"

I am fully convinced, that the complaint of the plaintiff in the present case "conforms substantially" to the form given in the Code for such cases; and I therefore feel bound to say that it "is sufficient." To enforce against her the common-law rule as to the sufficiency of the disclosure of the actionable quality of the words in the complaint, is, in my judgment, to enforce a rule which was repealed by the Code, and to deny to her the benefit of the new rule enbodied in the Code. As her complaint "conforms substantially" to the form given in the Code, it is not lawful to make it bad by construing it most strongly against her.

An examination of the forms contained in the Code will show, that the form of a complaint for verbal slander is more full and fair than some of the forms given for complaints in other civil actions, and more full and fair than some of the forms given for indictments for grave offenses; yet, in all previous cases, we have held *substantial conformity* to the form given for the particular kind of case, whether civil or criminal, to be sufficient. I intend to adhere to that position.