# Johnston *v.* The State.

*Indictment for Larceny of Registered Dog.*

1.    *Uncertainty in penal statute.*—Act February 12, 1887, § 3, providing that one who shall take away with intent to steal, or hold for a reward, a dog registered under that act, "shall be punished on conviction as in other cases of larceny," is void for uncertainty, since dogs are not property and there is, theref re, no presumption of value and the statute does not make dogs property, or give them any value, nor does it state whether the punishment of grand or petit larceny shall be imposed.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The defendant was indicted and convicted for taking and carrying away with the intent to steal or to hold for a re-

NOL. C.

[Johnston v. The State.]

ward a certain hound dog, the property of Silas Tyson, which had been duly registered pursuant to the act of February 12, 1887, entitled "An Act for the protection of dogs." The third section of said act is as follows: "Sec. 3. Be it further enacted, That any person who shall take and carry away with the intent to steal, or with the intent to hold for a reward, any dog registered under the provisions of this act shall be punished, on conviction, as in other cases of larceny."

After conviction, and before sentence, the defendant moved in arrest of judgment and, among other grounds, assigned the following: That the indictment charges no offense known to the law. That the statute on which said indictment is founded is unconstitutional and void. The motion was overruled by the court and the ruling of the court on this motion is the only question reserved for determination upon the appeal.

JOHN GINDRAT WINTER, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J—The title of the act brought under review in this case is, "For the protection of dogs." In the body of it provision is made for the registration of dogs in the office of the judge of probate by their owners on the payment of certain fees and a tax of one dollar. Section 3, under which this indictment is drawn, declares: "That any person who shall take and carry away with the intent to steal, or with the intent to hold for a reward, any dog registered under the provisions of this act, shall be punished, on conviction, as in other cases of larceny," and section 4 appropriates the taxes collected under the act to the use of the public schools "in the county where collected." These are in substance all the provisions of the act.—Acts 1886-7, p. 805.

Whether this enactment is violative of Sec. 2, Art. IV of the Constitution because the subject of its provisions—the protection of the *possession or ownership* of dogs—is not expressed in its title—"for the protection of dogs"—we need not and do not decide in this case; though, guided by the doctrine that the "requirements" of the Constitution in this regard "are not to be exactingly enforced, or in such manner as to cripple legislation," (*Ballentyne v. Wickersham*, 75 Ala. 533), we should probably hold if the question had

3

now to be passed on that the act is not offensive to the organic provision referred to.

Leaving that question wholly out of view this conviction can not stand. The third section of the act, the penal section for a violation of which this defendant was indicted and convicted, is obviously void for uncertainty. Dogs are not property. There is no presumption, therefore, that any dog is valuable. Not being property the *prima facie* presumption in any case is that the animal has no value. It is, of course, competent for the legislature to make dogs property, and a status thus given them would, we may concede without deciding, carry with it a presumption of value. This act does not do this even in respect of dogs registered under its provisions. And the mere fact of registry does not imply either the attributes of property or the incident of value. It is also competent for the legislature to make the taking and carrying away of dogs from their masters a crime of any nomenclature or degree; it might be declared a misdemeanor or a felony, and denominated grand larceny or petit larceny, or called by any name that might suggest itself to the law-makers; and all this whether dogs be declared or considered property or not. Neither has the legislature done this by the enactment before us. All that this statute declares is that the taking and carrying away of a registered dog, though he be of little or great or no value, shall be punished, on conviction, as in other cases of larceny. The punishment is in nowise dependent upon value but alone upon registration whether the particular animal has any value or not. The act does not provide that the offender shall be guilty of grand laceny or petit larceny, or that on conviction he shall be punished as in cases of other grand larcenies or petit larcenies; nor does it afford any basis for a determination in a particular case whether the punishment shall be such as is set against the one or the other of the grades of larceny. It might be averred that the value of the animal was more than twenty-five dollars, and yet there would be no more warrant in the statute for inflicting punishment for grand larceny, than if the value were laid at one dollar, or nothing. And so as to petit larceny; if the value be laid at ten dollars there is no justification for imposing punishment as in petit larceny, because guilt and punishment go upon the fact of registration and not upon valuation. All this is illustrated in the case at bar. No value is alleged, nor should it have been. Registration and theft are alleged. There was verdict of guilt. The court imposed punishment as in grand larceny. While there was

no warrant for this, there was equally no warrant for the imposition of punishment as for petit larceny. The court was directed by the act to punish as in other cases of larceny; but whether as in cases of petit larceny or grand larceny, it did not and could not know. This court can not and does not know which the legislature intended. It is past all finding out. The act, in other words, creates an offense, but it fails to affix any certain punishment. The court being unbale to certainly impose an authorized punishment was not authorized to impose any punishment. The motion in arrest of judgment should have been granted. The judgment rendered will be reversed, and held for naught. The motion in arrest will be here granted and a judgment entered discharging the defendant.

Reversed and rendered.