# Huckabee *v.* The State.

## *Indictment for Larceny.*

1. *Larceny; effect of statute making the stealing of stock of less value than twenty-five dollars petit larceny; right of defendant to elect to take new penalty.*—An indictment charging the larceny of a hog of the value of one dollar, was found under the Code of 1886, which makes the stealing of a hog, without reference to its value, grand larceny. The trial was had after the Code of 1896 went into effect, under the provisions of which later Code the stealing of a hog of less value than twenty-five dollars is made petit larceny. *Held*: That under the provisions of section 5541 of the Code of 1896, which preserved the prosecution of offenses committed while the Code of 1886 was in force, and further provided that "where the penalty for the offense may have been altered, the defendant may elect to take the new penalty," the defendant in the pending case could not elect to be tried under the statute which made the stealing of a hog of the value described in the indictment petit larceny; the election provided for by section 5541 of the Code of 1886 relating only to the penalty and not to the degree of the crime.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

The appellant was tried and convicted under an indictment which charged him with feloniously taking and carrying away "one hog of the value of one dollar, the personal property of Grant Jackson."

When the case was called for trial, and the State and the defendant announced ready, the bill of exceptions recites that "the defendant Abe Huckabee stated in open court to the court that since the indictment in this cause was returned by the grand jury in this cause, the offense charged in the indictment had been made punishable by imprisonment in the county jail or sentence to hard labor for the county for not more than twelve months and also by a fine not exceeding $500, at the discretion of the jury, and that this defendant as provided in section 5541 of the Code of Alabama, elected to take the new penalty provided by the Code of 1896 for said offense, and he makes such election before the case is submitted to the jury. But the court held that under section 10 of the Code of 1896, that the defendant, if guilty at all, was guilty of grand larceny, and that the defendant was not entitled to an election as to punishment in this cause, but required the defendant to proceed to trial, and if convicted to be held liable to punishment for grand larceny. To which action of the court the defendant then and there duly excepted. Thereupon a jury was selected to try the issue in said cause, and duly empannelled and sworn according to law. After the jury had been selected and before the defendant had pleaded to the said indictment, the defendant moved the court before the cause had been submitted to the jury to be allowed to elect to take the penalty provided by the Code of 1896, for the offense charged against him, in the indictment, in this cause. But the court held that the defendant was not entitled to an election as to punishment, and refused to allow the defendant to make said election, to which action for the court the defendant then and there duly excepted. Thereupon the defendant pleaded not guilty to the said indictment, and after pleading to said indictment and before the said cause was submitted to the

[Huckabee v. The State.]

jury, the defendant moved the court to be allowed to elect, to take the penalty provided by the Code of 1896, for the offense charged in the indictment, in this cause, but the court held that the defendant was not entitled to an election as to punishment, and refused to permit the said defendant to make said election, to which action of the court the defendant then and there duly excepted. Thereupon the State introduced evidence in said cause which tended to show that the defendant did, in Hale county, Alabama, within three years before the finding of the indictment in said cause, feloniously take and carry away one hog of the value of one dollar, the personal property of Grant Jackson."

The defendant introduced no evidence, but requested the court to give to the jury the following written charge, and duly excepted to the court's refusal to give the same as asked: "If the jury believe the evidence in this case, they can not convict the defendant of grand larceny."

There was verdict of guilty "as charged in the indictment," and the judgment of the court was that "It is therefore considered by the court that the defendant be and he is hereby adjudged guilty of grand larceny."

DeGraffenried & Evins, for appellant.

Chas. G. Brown, Attorney-General, for the State, cited Black on Interpretation of Statutes, pp. 114, 115, 360, notes 18, 19, 20; *Washington v. State,* 72 Ala. 275; *Caholl v. C. M. & B. Asso.,* 61 Ala. 232; *Lemay v. Walker,* 62 Ala. 39; *Scott v. Simons,* 70 Ala. 352; *South v. State,* 86 Ala. 617.

TYSON, J.—The indictment against the defendant was found under the Code of 1886, and, of course, for an offense committed with which he was charged while the statute making the stealing of a hog without reference to its value grand larceny.—Code, 1886, § 3789. Under the Code of 1896, the stealing of a hog may be grand or petit larceny, depending upon its value. If its value is twenty-five dollars or more, it is still grand larceny, if less than twenty-five dollars, petit larceny. The effect

[Huckabee v. The State.]

of the adoption of the Code of 1896, was to repeal section 3789 of the Code of 1886, and were it not for the provisions of section 5541 (Code, 1896), the prosecution of the defendant would have been terminated. Section 5541, after making provision for the preservation of the prosecution of an offense committed under the law repealed by the adoption of the Code whether begun before or after the enactment of such repealing, revising, amending or altering law, is governed by the law under which the offense was committed, also provides that in cases where the penalty for an offense has been altered, the defendant in the prosecution may elect to take the new penalty, but such election must be made before the case is submitted to the jury. It is this latter provision of the statute that the defendant attempted to invoke in the court below, and the refusal of the trial court to permit him to elect to be tried for petit larceny instead of grand larceny constitutes his only cause of complaint and exception.

It was not the purpose of the statute, and no such implication can be gathered from its language, to give to a defendant the right to elect to be tried for an offense not charged in the indictment. Its plain language is that "where the penalty for the offense may have been altered, the defendant may elect to take the new penalty." The penalty for the larceny of a hog was not altered by the Code of 1896, but the offense was changed from grand to petit larceny if the value of the hog was less than twenty-five dollars. If the value of the hog stolen by the defendant had been twenty-five dollars or more the penalty for the offense is the same under the present Code as it was under the Code of 1886. There was clearly no right of election afforded to the defendant in this case and, therefore, no error committed by the trial court.

The judgment must be affirmed.