# Johnson *et al. v.* The State.

1. *Habeas Corpus; homicide; when bail properly denied.*—Where in a habeas corpus proceedings seeking bail under an indictment for murder, it is shown that the homicide was committed by the father of the petitioners in shooting a deputy sheriff while resisting arrest by that officer and others, and no justification for the killing is shown, and it is reasonably certain that had not the petitioners interfered, the killing would not have occurred, the fact that the petitioners' father was at the time of committing the homicide insane, does not relieve them from the responsibility for the killing, and it is not error for the court to refuse to permit the petitioners to prove the fact of their father's insanity.

*Habeas Corpus Proceedings.*

APPEAL from the Order of the Judge of the Second Judicial Circuit.

Heard before the Hon. J. C. RICHARDSON.

The appeal in this case is prosecuted from from an order of the judge of the 2d judicial circuit in denying to the appellants, Maggie Johnson and Katie Johnson, bail in *habeas corpus* proceedings.

The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

PEARSON & RICHARDSON and RICHARDSON & SMYTHE, for appellant.—Cited *Karr v. State,* 106 Ala. 10; *Whatley v. State,* 91 Ala. 108; *Gibson v. State,* 106 Ala. 64; *State v. Cain,* 20 W. Va. 681; *Grear v. State,* 22 W. Va. 800; *Summers v. State,* 105 Ind. 125.

MASSEY WILSON, Attorney-General, for the State.

TYSON, J.—This is an application for bail, after indictment found charging the petitioners with murder in the first degree. On a hearing, the judge dismissed the

petition and remanded the prisoners to jail. The correctness of the ruling of the judge upon the trial is assailed only in one particular.

The evidence establishes that the father of these petitioners shot and killed a deputy sheriff in resisting his arrest by that officer and others. No justification is shown for the killing. And it is reasonably certain that had these petitioners not interefered, the killing would not have occurred. Indeed, their father would have been overpowered by the officers without bodily harm to him and thus been rendered impotent to have procured and used the pistol with which he inflicted the deadly wounds, had they not by their conduct freed one of his hands from the grasp of the officer who was killed. That these petitioners' conduct, under the evidence, was the cause of the killing scarcely admits of doubt. But it is said that the father was insane at the time of the killing and that his insanity was known to the petitioners, and that they should have been permitted to prove these facts. The theory seems to be that if he was insane, and therefore incapable of committing murder, the father to commit the crime, they are responsible for this act of firing the pistol which produced the death of the officer. Had the trial judge permitted this proof to have been made and had found in line with it, in view of the conduct of the petitioners on the occasion of the homicide, which was calculated to incite and did incite the father to commit the crime, they are responsible for his act. As said by Mr. Bishop, "The method of the killing is immaterial. Thus   *   *   *   in some cases a man shall be said, in the judgment of the law, to kill one who is in truth actually killed by another, as where one incites a madman to kill himself or another."—2 Bishop's New Crim. Law, § 635.

This principle is stated by Russell on Crimes, p. 5, in this language: "If A. procures B., an idiot, or lunatic, to kill C., A. is guilty of the murder as principal, and B. is merely an instrument." See also 1 East. P. C. Ch. V., § 14, p. 228; 1 Hawkins P. C., § 7, p. 92.

Affirmed.

MCCLELLAN, C. J., SIMPSON and ANDERSON, J.J., con-
curring.