# Travis, Admr. *v.* Sloss-Sheffield Steel & Iron Co.

## *Damage to Employe.*

(Decided June 10, 1909. 50 South. 108.)

1. *Appeal and Error; Review; Theory in Trial Court.*—The rules of law, the pleading, the evidence and the damage being different under the two statutes, a party trying a cause on the theory that his action is based on the Employer's Liability Statute, will not be permitted on appeal to urge that his action was under the Homicide Statute.

2. *Master and Servant; Injury to Servant; Evidence.*—Where the action was for the death of a miner, it was permissible to introduce any evidence tending to show that the accident was caused by an overheated blast fired by an independent contractor, and not the result of the master's negligence.

3. *Evidence; Conclusion.*—Whether or not a third person had discharged his duties to his own employe, is a conclusion of the witness and may not be stated.

APPEAL from the Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Semey Travis, administratrix, against the Sloss-Sheffield Steel & Iron Company for the death of her intestate, while in the employment of the defendant. Judgment for defendant and plaintiff appeals. Affirmed.

ALLEN & FORT, and J. M. HANBY, for appellant. A witness may state collective facts.—*Elliott v. Stocks,* 67 Ala. 590; *Woodstock I. Co. v. Roberts,* 87 Ala. 442; *Hood v. Diston,* 90 Ala. 377; *Abbott v. Paige,* 92 Ala. 575; *Southern C. & F. Co. v. Bartlett,* 137 Ala. 235.

TILLMAN, GRUB, BRADLEY & MORROW, for appellee. Counsel discuss assignments of error insisted on, but without citation of authority.

MAYFIELD, J.—This is an anomalous action. Each count of the complaint was evidently intended by plaintiff to state a cause of action under the "employer's liability act." Code 1907, §§ 3910-3913. This is evident, because each count practically follows some part of the language used in the act; second, because plaintiff attempted to prove the value of the life of her intestate to her and his dependents, which is the measure of damages under that statute, where death results and the action is by the personal representative. But each count of the complaint not only fails to show the relation of master and servant, either expressed or implied, but affirmatively shows the contrary—that plaintiff's intestate was a servant of one Sanders, an independent contractor with defendant company. This is a material

averment, if it is not the sine qua non, of a good complaint under the employer's liability act. It is doubtful if a complaint which fails to show the relation of master and servant, either expressly or inferentially, and shows affirmatively, as does this one, that such relation did not exist between intestate and the defendant, will support a judgment for the plaintiff under this statute.

The defendant, however, insists that the complaint is under the homicide statute. A pleader might intend to form a complaint under the employer's liability act, and fail therein, but yet state a complaint under the homicide statute. But we do not think that a party should be allowed to proceed under one of these statutes, form his pleadings as if under one, and go through the entire trial proceeding under that statute, requesting rulings and orders as if under one statute, and, when he loses under that statute, say to this court: "I made the trial court err, by insisting that I was proceeding under one statute, when as a matter of law my complaint was under the other statute, so you must reverse this case and let me go back and try it under the other statute." The rules of law, pleading, evidence, and damages are entirely different under these two statutes. One is punitive entirely, and the other compensatory only. Evidence admissible under one might not be admissible, and often is not under the other. A party is not allowed to mislead the court into error, even unintentionally, and profit thereby. But it is proper here to say that there appears no intention, on the part of counsel for either side, to mislead the court. It was solely a mistake, and nothing more.

We could very well put the affirmance of this case upon the ground of insufficiency of the complaint; but we prefer to put it upon the ground that it clearly appears that the trial court did not err in any of its rulings assigned as error.

There were two assignments of error, which are as follows: "First. That the trial court erred in overruling appellant's objection to the following question, propounded by appellee to the witness Roberts: 'Have you ever known them in this particular entry and by Sanders? Second. That the trial court erred in sustaining the objection of appellee to the following question, propounded by appellant upon cross-examination to the witness Hanby: 'Now, Captain, going back to the duties of a contractor, when he discovers a bad place in the roof, a place that he thinks is bad, and reports it to the bank boss or timber man, state whether or not he has discharged his duties to his own employes?"

The first question, together with the answer, was proper and admissible. It might tend to show that the accident was the result of an "overheated blast" fired by Sanders, and not the result of any negligence alleged in the complaint. The only ground of this objection was that there was no evidence of any "overheated blasts." That was no reason why the defendant might not show it by this very witness.

The other objection is equally without merit. The court very properly declined to compel the witness to state whether or not a third party had discharged his duties to his own employers. It is doubtful if such evidence would ever be competent. It has been held that a witness could not express his opinion as to whether or not he had discharged his duty under a particular contract.—*Clark v. Ryan,* 95 Ala. 416, 11 South. 22. If this be true, certainly he ought not to be allowed to give his opinion as to whether a stranger had discharged his duty.

Affirmed.

Dowdell, C. J., and Simpson and Denson, JJ., concur.