# Newsum v. The State.

## *Forgery.*

(Decided April 16, 1914.   65 South. 87.)

1. *Indictment and Information; Sufficiency; Following Language of Statute.*—Indictment in this case examined and held to substantially follow the form of indictment prescribed by the Code for forgery in the first degree, and therefore, not demurrable.

2. *Evidence; Accomplices; Corroboration.*—Where there was evidence that the boy who was jointly indicted with defendant, and who testified for the state, was not a guilty participant in the forgery, but was merely an innocent messenger, who in ignorance of the falsity of the check, carried it to the bank for collection pursuant to defendant's directions, it was a question for the jury, under proper instructions from the court as to the elements, necessary to constitute one an accomplice, to determine whether he was an accomplice, and the court therefore properly declined to instruct as a matter of law that he was an accomplice.

3. *Same.*—Even though the jury found from the evidence that the witness for the state was an accomplice, it was still a question for them to determine, under the evidence, whether defendant was guilty.

4. *Same.*—Evidence of circumstances tending to prove the truth of the testimony of an alleged accomplice were corroborative of his testimony within the provisions of section 7897, Code 1907.

5. *Appeal and Error; Harmless Error; Instruction.*—If error was committed in admitting such testimony as to handwriting, the error was cured where subsequently it was plainly and unequivocally excluded from the jury.

6. *Trial; Argument of Counsel.*—Where there was evidence that the boy who presented the check for collection, and who was jointly indicted for the offense, was an innocent messenger of defendant, the statement by the solicitor that defendant picked up a little negro to go and get the check cashed, was not such a comment on the evidence as required its exclusion by the court.

7. *Charge of Court; Modification of Requested Charge.*—It is permissible for the court to give a correct, explanatory instruction of written charges given.   Under this rule it is held that the statement of the court was not an unlawful qualification of the charge set out as to a conviction on the testimony of his accomplice, where it appeared that there was conflict as to whether such witness was an accomplice, since the explanation left it to the jury to determine that fact.

8. *Same; Covered By Those Given.*—It is not error to refuse charges substantially covered by written charges given.

[Newsum v. The State.]

9. *Accomplices; Corroboration; Burden of Proof.*—The state does not have the burden of exculpating from guilty participation in an offense of a witness alleged to be an accomplice, but has the right to avail itself of such testimony, whether the witness be an accomplice, or not, the rule being that corroboration is necessary if such witness be an accomplice.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Walter Newsum was convicted of forgery, and he appeals. Affirmed.

The indictment charged that Walter Newsum and Bennie Perkins, "with the intent to injure or defraud, did alter, forge, or counterfeit, or with intent to injure or defraud, did utter and publish as true a falsely altered, forged, or counterfeited check, which was in substance as follows: [Here follows the check in hæc verba]—which check said defendants knew to be so altered, forged, or counterfeited." The demurrers were misjoinder of offenses in one count, in that it charges both a making or forging of the instrument described, and the publishing or uttering of the same; it is not alleged that defendant had knowledge that the alleged check was forged, and with such knowledge uttered and published it; the instrument set out in the indictment as the subject of forgery is not apparently a valid check, and no allegation is made of extrinsic facts by which any one could have been injured; it does not appear that the payee indorsed said check, and without his indorsement said check was not apparently a valid instrument; and it is not alleged that said Burton's indorsement would have rendered said check harmful to any one. The defendant Newsum moved for a severance, and was tried alone.

Bennie Perkins, who was also indicted, was introduced as a witness for the state, and the substance of his testimony is set out in the opinion, as is the corrob-

orating testimony. The argument of the solicitor objected to was as follows: "The defendant picked up this little negro to go and cash the check." Defendant also objected to the court's admitting to the jury as a question of fact the guilt or innocence of the codefendant Bennie Perkins, who was not on trial.

Charge 4 given for defendant is as follows: "If the jury do not believe the evidence of the other defendant, Bennie Perkins, and if they further find that there is no other evidence in the case connecting Walter Newsum with the crime charged, then he cannot be convicted." In connection with the charge the court said to the jury orally: "If you come to the conclusion that Bennie Perkins is an accomplice, and that there is other evidence in the case that corroborates his testimony, as I have defined what it took to constitute corroboration, in the event you come to the conclusion he is an accomplice, then, gentlemen of the jury, you should convict; or if you come to the conclusion that he is not an accomplice, and you believe his testimony beyond a reasonable doubt, and that convinces you beyond a reasonable doubt that defendant is guilty, then it would be your duty to convict. If you do believe it beyond a reasonable doubt, and it convinces you beyond a reasonable doubt that defendant is guilty, and you are further convinced from the evidence beyond a reasonable doubt that Perkins is not an accomplice, then you can convict him." Charge 10 was as follows: "The witness Bennie Perkins is jointly indicted with defendant Walter Newsum of the same offense, and the burden of proof is on the state to exculpate Bennie Perkins from guilty participation in the uttering of the check, and unless this is done Bennie Perkins is an accomplice, and a conviction cannot be had unless he is corroborated by some other evidence in this case."

[Newsum v. The State.]

JAMES H. BRANCH, for appellant. The demurrer to the indictment should have been sustained.—*Houghton v. State,* 53 Ala. 489; *Rembert v. State,* 53 Ala. 468; *Seay v. State,* 3 Stew. 123; Clark's Crim. Law, secs. 1156, 1161, 1172, 2215. The court was in error in admitting the evidence of the circumstances before it was shown that defendant was connected with the crime charged.—*Vaughan v. State,* 83 Ala. 55; *Williams v. State,* 83 Ala. 16; *Diggs v. State,* 49 Ala. 311. The conviction cannot be had on the uncorroborated testimony of an accomplice.—Sec. 7897, Code 1907. The court was in error as to his ruling on the evidence as to handwriting.—*Hopper v. Ashley,* 15 Ala. 465; *Nelms v. State,* 91 Ala. 99. This error was not cured by the later action of the court in excluding it.—*Vaughan's Case, supra.* The court should have charged as a matter of law that the witness was an accomplice.—*Floyd's Case,* 82 Ala. 16; 12 Cyc. 600. The indictment alleged was that the witness was an accomplice, and this bound the state by a solemn admission of record.—*Rosenbaum v. State,* 33 Ala. 354; 37 Ala. 662; 111 Ala. 604; 16 Cyc. 964. A judge should abstain from comment as to written charges, and either give or refuse them in the language of the charge.—Sec. 5364, Code 1907. Whether one is an accomplice or not is for the court, but whether corroborated or not is for the jury.—*Burney's Case,* 87 Ala. 80; *Nabor's Case,* 82 Ala. 8; 38 Cyc. 1532.

R. C. BRICKELL, Attorney General, for the State.

WALKER, P. J.—The indictment in this case was in the form prescribed by the Code for an indictment for forgery in the first degree (Code, § 7161, form 61), and it was not subject to the demurrer interposed to it.

The indictment was against the appellant, Walter Newsum, and Bennie Perkins, two negro boys. The evidence on the trial was not such as to forbid any conclusion other than that the latter was an accomplice in the crime, the commission of which there was evidence tend-ing to prove. There was evidence to support the inference that he was not a guilty participant in the forgery, and that his only connection with the false check was that of an innocent messenger who, in ignorance of its falsity, carried it to the bank for collection, pursuant to directions given to him by his codefendant. In this condition of the evidence, there was no impropriety in the action of the court in submitting to the jury the question of the Perkins boy, who was a witness for the state, having been an accomplice or not. The question was one of fact for the determination of the jury from all the circumstances, under proper instructions from the court as to the elements necessary to constitute one an accomplice. As undisputed evidence did not show that the defendant who was a witness against his codefendant was an accomplice of the latter, the court properly declined to decide, as a matter of law, that he was. —*Childress v. State,* 86 Ala. 77, 5 South. 775; 12 Cyc. 449.

The evidence in the case was such as to authorize the submission to the jury of the question of the appellant's guilt or innocence, though they found that his codefendant, Perkins, who was the principal witness against him, was his accomplice. The testimony of the state's witness Leggett tended to prove that the appellant, while Perkins was at the bank with the false check, was at the place near by at which Perkins stated he was when he sent the witness to the bank to get the money on the check; that he was on the alert in observing what was going on; and that, when he heard a statement by

the person whose name was signed to the check as to some one being at the bank forging a check, his conduct and an exclamation he made indicated a knowledge of the transaction. These circumstances tended to prove the truth of material features of the narrative of Perkins, and so were corroborative of his testimony.— *Malachi v. State*, 89 Ala. 134, 8 South. 104; 2 Chamberlayne on Evidence, § 1597; Code, § 7897.

Several exceptions were reserved to rulings made on objections to testimony. We discover no reversible error in any of these rulings. The questions presented are not such as to call for discussion. The principal insistence in this connection is that the court erred in admitting certain testimony as to handwriting. Subsequently this testimony was plainly and unequivocally excluded from the consideration of the jury. The rulings complained of were rendered harmless by this action of the court.

The statement in the argument of the solicitor which was objected to was a comment on the evidence in the case such as the court was not required to exclude.— *Green & Sons v. Lineville Drug Co.*, 167 Ala. 372, 52 South. 433.

What was said by the court to the jury in connection with the reading of written charge 4, given at the instance of the defendant, did not at all qualify the proposition stated in that charge, but was a correct explanatory instruction which it was permissible for the court to give.—*Callaway & Truitt v. Gay*, 143 Ala. 524, 39 South. 277.

The appellant cannot complain of the court's refusal to give written charge 5, requested by him, as the proposition stated in that charge was covered by written charge 4, given at his request.

The state did not, as was in effect asserted in charge 10, requested by the appellant, assume the burden of exculpating Bennie Perkins "from guilty participation in the uttering of the check." It had the right to avail. itself of his testimony in the trial of his codefendant, whether he was the latter's accomplice or not; the effect of the jury finding that he was an accomplice being that in that event a conviction of his codefendant would not be authorized unless his testimony was corroborated. The refusal to give this charge was not error.

There is no prejudicial error in the record.

Affirmed.