# Trent v. The State.

### Procuring an Abortion.

(Decided November 14, 1916.   Rehearing overruled December 19, 1916.
73 South. 834.)

1. **Criminal Law; Appeal; Estoppel to State.**—The doctrine applicable in civil cases that a position taken in brief or argument estops the party from taking an opposite or different position on application for rehearing, or otherwise, is without application to criminal appeals; and the fact that the briefs for both the appellant and the state assumed that the demurrers to the indictment raised a certain question did not estop the state, upon application for a rehearing, upon a reversal of the case, from taking the position that the demurrers to the indictment did not raise the point.

2. **Indictment; Demurrers.**—The grounds of demurrer examined and it is held that they did not raise the point that the indictment failed to state the time of the commission of the offense so as to enable the court to say whether the trial was under Sec. 6215, Code 1907, or under said section as amended by Acts 1911, p. 548.

Brown, J., dissents in part.

APPEAL from Jefferson Criminal Court.

Heard before Hon. H. P. HEFLIN.

(This cause was reviewed by the Supreme Court on certiorari to the Court of Appeals, and the writ was denied.  See *Ex parte Trent*, 198 Ala. 701, 73 South. 1002.

Mrs. A. C. Trent was convicted of administering drugs or using instruments for the producing of an abortion, and she appeals.  Affirmed.

The indictment is as follows, preferred November 1, 1911:

Mrs. A. C. Trent, whose name is otherwise unknown to the grand jury, did willfully administer to Ruth Eloise Kirby, a pregnant woman, a drug or substance, a particular description of which said drug or substance is to the grand jury unknown, or used or employed an instrument, a particular description of which said instrument is to the grand jury unknown, to procure her miscarriage, the same not being necessary to preserve her life, and not done for that purpose.

The grounds of demurrer were:

Said indictment charges no offense or violation of law.  Said indictment charges no violation of the law of Alabama in force and effect at the time the said indictment was returned, for that

[Trent v. The State.]

the section of the Code under which the indictment is preferred was repealed by the act of the Legislature approved April 21, 1911. Said section of the Code was not in force and effect when or at the time said indictment was preferred. Said section of the Code was repealed by said act, and there is no saving clause contained in said act saving said section of the Code, or to prevent a defeat of a pending prosecution. At the time the indictment was preferred the act of the Legislature approved April 21, 1911, was in force and effect, repealing said section of the Code.

ALLEN BELL & SADLER, for appellant. WILLIAM L. MARTIN, Attorney General, HARWELL G. DAVIS, Assistant Attorney General, and HORACE C. WILKINSON, for the State.

BROWN, J.—The appellant was convicted of an offense denounced by section 6215 of the Code 1907. Subsequent to the alleged commission of the offense, and before the indictment was preferred, this section of the Code was amended, with the result that not only the acts specified in the statute as it appears in the Code are denounced as crimes, but other acts of a kindred nature are made criminal, and a penalty different in some respects prescribed.

In prosecutions for statutory offenses where no form of indictment is prescribed, it is usually sufficient for the pleader, in framing an indictment, to follow the statutory language, and this rule has been applied to indictments under this section of the Code.—*Thomas v. State,* 156 Ala. 166, 47 South. 257.

However, where there has been a revision, amendment, or repeal of the statute on which the prosecution is based, with the result that the statute is entirely abrogated except as to offenses committed before its repeal, or where, by the amendatory act, the constituent elements of the offense or the penalty provided is different from that provided in the original statute, and the indictment is preferred before the time necessary to effect a bar under the original statute has elapsed, the time of the commission of the offense is a material element, and must be stated in such sort as to enable the court from the record in the case to apply the law governing the prosecution and fixing the punishment if a conviction results, as well as to meet the requirements of the Constitution guaranteeing to the accused the right "to

demand the nature and cause of the action against him."—*Bibb v. State,* 83 Ala. 84, 3 South. 711; Code 1907, § 7139.

While at no time covered by the indictment were the acts charged not an offense, the penalty prescribed by the two statutes is not the same. The statute before its amendment carries as a penalty a fine of not more than $500 and imprisonment in the penitentiary for not less than two nor more than five years, while the statute as amended provides for a fine of "more than five hundred dollars," without fixing a maximum, and imprisonment in the penitentiary for not less than two nor more than five years.—Acts 1911, p. 548.

It is manifest from these observations that when, as in this case, the indictment covers a period of time when both of these statutes were in force, the court could not say from the record which should be applied. And while it may be that the provision of the amendatory statute providing for a fine of "more than five hundred dollars," without fixing a maximum, is so uncertain as to render it void (a question we do not decide, but see *Johnston v. State,* 100 Ala. 32, 14 South. 629), yet this provision could be stricken, leaving the statute complete within itself, carrying as a penalty imprisonment for a term of years.—*Harper v. State,* 109 Ala. 32, 19 South. 857; *Powell v. State,* 69 Ala. 13. Yet the penalties for violation of the original and amendatory statutes are different. Another reason the time of the commission of the offense is material and necessary to be averred. Under section 6215 the woman to whom the drug is administered or upon whom the operation is performed, although by her consent, is not particeps criminis with the person administering the drug or performing the operation.—*Smith v. Gaffard,* 31 Ala. 45; 1 R. C. L. 71, § 4. And section 6219 of the Code 1907, abolishing the distinction between accessories before the fact and principals in the first and second degrees in cases of felony, making them all liable to indictments as principals, cannot be construed as imposing criminal liability on one who was not indictable either as accessory before the fact or as principal in the first or second degree. Otherwise stated, this section of the Code does not impose criminal liability on one not liable to indictment previous to its enactment; its sole effect being to authorize the indictment as principals of all upon whom criminal responsibility rests, where they were liable previous to its enactment either as principals in the first or second degree or as accessories before the fact.—1 R. C.

[Trent v. The State.]

L., supra; *Thompson v. United States,* 30 App. D. C. 352, 12 Ann. Cas. 1004. The statute as amended imposes criminal responsibility not only upon those who may administer the drug or substance, or use an instrument, but upon all who "aid, abet, advise, or prescribe for the same," unless the administration of the drug or substance or the use of the instrument is necessary to preserve the life of the pregnant woman. Its manifest purpose is to restrain after conception an unwarranted interference with the course of nature in the propagation and reproduction of human kind, and "we are forced to concede, that when in the red-hot furnace of vitality two germs, male and female, are brought together, that fuse themselves into one, a new being, crowned with humanity and mentality, comes into life. If this be true, does not the new being, from the first day of its uterine life, acquire a legal and moral status that entitles it to the same protection as that guaranteed to human beings in extrauterine life? Indeed, should it not receive a greater protection for the reason that to the nature of a human being it adds the condition of utter helplessness, a condition that should appeal in mute, but sublime, eloquence to the manhood, the womanhood, and above all, to the motherhood, of those who can shield and protect it? Lives there a man or woman who would assault a little, laughing, prattling babe? If that be a crime from which the coldest-blooded villain would recoil, how much more a crime to assault and slay an innocent babe quietly sleeping in what should be an impregnable fortress—a baby whose voice is hushed and cannot be raised in piteous cry for mercy or for help!"—Paper of Dr. Sanders, State Health Officer of Alabama, on "Physiological and Legal Status of the Fetus in Utero," Transactions Medical Association of Alabama, 1911, p. 265-272.

If a construction is placed upon the statute that will allow the prospective mother with impunity to procure another to administer the drug or perform the operation, such construction would destroy much of its moral force. We therefore, hold, under the statute as amended, if the pregnant woman knowingly consents to such operation or the administration of such drug, unless she does so under the honest belief that it is necessary to the preservation of her life, she would be guilty of aiding or abetting, and indictable as a principal.—Code 1907, § 6219; *Bridgeforth v. State, infra,* 74 South. 402; *Jones v. State,* 174 Ala. 56, 57 South. 31.

If the statute as amended governed in the trial of the case, the law imposed the burden on the state of corroboroating her testimony by other evidence tending to connect the defendant with the commission of the criminal act.—Code 1907, § 7897; *State v. Smith,* 138 Ala. 111, 35 South. 42, 100 Am. St. Rep. 26. If, however, the original statute was applicable, the state carried no such burden.

For the reasons above stated, the time of the commission of the offense was a material element, and the indictment was fatally defective, and the defendant's demurrers thereto should have been sustained.

The evidence shows without dispute that, if committed at all, the offense was committed before the statute was amended. The appellant contends that the effect of the amendment was to repeal the statute as it is published in the Code, with the result that this prosecution was not authorized. This would be true but for section 7806 of the Code.

Such "general saving clauses [or statute] are not to be regarded as attempts on the part of the Legislature enacting them to curtail the authority of succeeding Legislatures by limiting in advance the effect to be given their enactment, but rather as the substitution of a new rule of construction to be observed by the courts with respect to statutes thereafter enacted."—36 Cyc. 1231, VII, D, 6, h (1) ; *United States v. Chicago, etc., R. R. Co.* (D. C.) 151 Fed. 84, affirmed 162 Fed. 835, 90 C. C. A. 211; *U. S. v. Standard Oil Co.* (D. C.), 148 Fed. 719.

The statute (section 7806) recognizes the authority of the succeeding Legislature, by express declaration on the subject in the act, to destroy the right of the state to proceed, but, in the absence of such declaration, the original statute is continued in force as to all offenses committed under it, and the right of the state to proceed thereunder preserved.—*City of Birmingham v. Baranco,* 4 Ala. App. 279, 58 South. 944; *Huckabee v. State,* 123 Ala. 20, 26 South. 523; *Bibb v. State, supra.*

There was evidence authorizing the conclusion that Kirby not only consented that his wife might engage the services of appellant for the purpose of procuring an abortion, but that in doing so she acted as his agent; and although Mrs. Kirby was not criminally liable under the statute then in force, if she acted at Kirby's instance in engaging the appellant to procure an abortion, Kirby would be criminally liable as a principal in the first

degree at common law (*Johnson v. State,* 142 Ala. 70, 38 South. 182, 2 L. R. A. [N. S.] 897, and note; 1 R. C. L. 132, § 4), and indictable under our statute as principal (Code 1907, § 6219). The question, however, as to whether Kirby was an accomplice was one for the jury.—*Moore v. State, infra,* 72 South. 596; *Ross v. State,* 74 Ala. 532; *Childress v. State,* 86 Ala. 77, 5 South. 775; *Newsum v. State,* 10 Ala. App. 124, 65 South. 87.

The charges refused to the defendant were either not correct statements of the law, invasive of the province of the jury, argumentative, or had misleading tendencies, and were well refused.

For the errors pointed out, let the judgment be reversed.

Reversed and remanded.

### ON REHEARING.

On the submission of this cause, the appellant, in brief filed at the time, strenuously insisted that the indictment was fatally defective and subject to the demurrers interposed, because it did not state the time of the commission of the offense in such sort as to enable the court to determine from the record whether the prosecution was under section 6215 of the Code as it appears in Code 1907, or under that section as amended by Acts 1911, p. 548. In response to this contention of appellant, without any suggestion that the question was not raised on the record, the Attorney General filed a brief combating the position of appellant and contending that the change wrought by the amendment was not such as to make the time of the commission of the offense material. The court, in disposing of the question, treated the question as raised, as did the parties, holding that the amendment wrought such change as to make the time of the commission of the offense material.

In the application for rehearing the insistence is made that the question was not raised by the demurrers. This is clearly inconsistent with the position taken in brief and argument on submission, and the court will decline to re-examine the question on this theory.—*Tygh v. Dolan,* 95 Ala. 271, 10 South. 837; *L. & N. R. R. Co. v. Holland,* 173 Ala. 675, 55 South. 1001; *Travis v. Sloss-Sheffield Steel & Iron Co.,* 162 Ala. 605, 50 South. 108.

There was no suggestion, either in the court below or here on submission of this case, or in brief filed, that the act approved April 21, 1911, amending section 6215 of the Code, was uncon-

[Peterman v. Southern Cotton Oil Co.]

stitutional; and, to use the language of the Chief Justice, speaking for the court: "It is tardily suggested at the present time." —*State, ex rel. Martin v. L. & N. R. R. Co.*, 197 Ala. 204, 72 South. 497. However, conceding that the bill as originally introduced in the House was styled, "Be it enacted by the state of Alabama," as contended by appellee, and was passed in this form, it was not only the right, but the duty, of the Legislature while in session to amend this clerical error by inserting in lieu of the word "state" the word "Legislature;" and this could be done by concurrent action of both houses, without resorting to the full routine of legislative action, introducing the bill anew, having it read on three separate days in each House, and referring it to regular committees thereof.—*Brandon v. Askew*, 172 Ala. 160, 54 South. 605; *Ensley v. Simpson*, 166 Ala. 386, 52 South. 61.

(1, 2) The foregoing expresses the views of the writer; but the majority of the court is of the opinion that the doctrine of estoppel above adverted to and applied in civil cases is not applicable to a criminal case, and that the state is not estopped by the manner in which the case was treated by the Attorney General; that it is the duty of the court to re-examine the record, and, having done so at the instance of the majority of the court, the entire court is of the opinion and holds that the demurrers do not point out the defects in the indictment noticed in the original opinion.

The application is therefore granted, the judgment of reversal set aside, and an affirmance ordered.

Application granted.

BROWN, J., dissenting.