170 So. 489

## STEED v. STATE.

### 7 Div. 195.

Court of Appeals of Alabama.
June 16, 1936.

Rehearing Denied Oct. 6, 1936.

Pruet & Glass, of Ashland, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

RICE, Judge.

Appellant was indicted for the offense of "Inducing or attempting to induce abortion, miscarriage or premature delivery of a woman," under the terms of Code 1928, § 3191. It was averred that he "willfully administered to Minnie Lee Burney, who was a pregnant woman, a drug or substance, or used or employed an instrument, to procure her miscarriage; the same not being necessary to preserve her life, and not done for that purpose."

As we read the bill of exceptions, the sole testimony connecting the appellant with the crime charged was that given by Minnie Lee Burney, the woman involved. And, according to her own admission, she knowingly consented to all that was done. And that she did not do so under the honest belief that such was necessary "to the preservation of her life."

Under the above circumstances, this court has committed itself—we think on correct reasoning—as follows, to wit: "We therefore, hold, under the statute as amended [the present statute, we interpolate], if the pregnant woman knowingly consents to such operation or the administration of such drug, unless she does so under the honest belief that it is necessary to the preservation of her life, she would be guilty of aiding or abetting, and indictable as a principal." Trent v. State, 15 Ala.App. 485, 73 So. 834, 836.

It becomes, therefore, clear that appellant was due to have given to the jury at his request the general affirmative charge to find in his favor—the offense charged being a felony. Code 1928, § 5635.

For the error in the refusal of said charge, the judgment is reversed, and the cause remanded.

Reversed and remanded.