LEIGH M. CLARK, Supernumerary Circuit Judge.
Appellant was convicted of the robbery of Mike Toles and sentenced to imprisonment for fifteen years, which judgment of sentence provided that ten years of the sentence was to run concurrently with a twenty-five-year sentence defendant had received in another case. The judgment of conviction and sentence in the other case was affirmed in King v. State, Ala.Cr.App., 347 So.2d 1005 (1977).
The case cited involved the alleged robbery of C. G. Shavers, the operator of Shavers Grocery at Grady, Montgomery County, Alabama, on April 1, 1976. The evidence shows that Mike Toles entered the store while the robbery of Mr. Shavers was taking place and that while in the store Toles also was robbed by the two men who had robbed Mr. Shavers.
Except for the fact that appellant testified on the trial of the first case and did not testify on the trial of this case, the evidence in both cases is substantially the same.
*1218 A major insistence of appellant, that there was not sufficient evidence to corroborate the testimony of Donald C. King, a participant in the robbery, to present a jury issue as to the guilt of defendant, was decided adversely to appellant in King, supra. There is no reasonable alternative to our adherence to that decision. No improve-' ment can be made in the opinion in that case as expressed by Presiding Judge Tyson.
Appellant also argues that the court was in error in refusing some of defendant’s requested written charges. The court gave a comprehensive oral charge and several written charges requested by defendant. Some of the refused written charges were covered substantially in the court's oral charge or in the given written charges, or both. Error cannot be predicated upon their refusal. Code of Alabama 1940, Tit. 7, § 273.
Our further consideration of the written charges refused to defendant is limited to the charges that may not have been substantially covered otherwise, particularly to those which appellant contends were not so covered.
In reliance upon Smitherman v. State, 33 Ala.App. 316, 33 So.2d 396, appellant says that it was error to refuse charge designated by appellant as Charge 11, as follows:
“I charge you that if you are reasonably satisfied from the evidence that Charles King was at some other place and was not at Mr. Shavers’ store at the time of the robbery, then, under the law, it will be your duty to find Charles King not guilty.”
The Court in Smitherman noted that defendant’s “defense was an alibi, and he introduced much evidence in support thereof.” Furthermore, it stated:
“The disallowance of similar charges has been approved by our appellate courts,'but in each case where we have found this to be true account was taken of the doctrine of conspiracy, and it was there declared that the actual presence of the defendant at the scene of the crime was not required. This, of course, was based on the evidence then under review. Saulsberry v. State, 178 Ala. 16, 59 So. 476; Rigsby v. State, 152 Ala. 9, 44 So. 608.”
Although the State’s contention was that appellant was outside the store in his automobile while the actual robbery was taking place in the store, his actual presence outside of the store while the robbery was taking place was not absolutely essential to his conviction as an aider or abettor. The situation presented can be more nearly likened to the situations in cases in which similar charges have been properly refused than to situations in cases in which similar charges have been held to have been erroneously refused. We see no injury to defendant as a result of the refusal of the charge, which tended to mislead the jury into confusion rather than to lead them to the truth on the issues presented. Its refusal was not error.
Defendant’s charge, designated by appellant as Charge 12, which the court refused, is as follows:
“I charge you that if you do not believe the testimony of Donald King and you further find that there is no other evidence in the case connecting Charles King with the robbery, then Charles King cannot be convicted.”
For a reversal, appellant relies upon what was held after remandment in Slayton v. State, 27 Ala.App. 422, 173 So. 632, but an understanding of what was finally held is not complete without consideration of what the Supreme Court said in reversing the Court of Appeals on certiorari:
“. . . Whether or not such evidence [evidence corroborating an accomplice] has been adduced by the state is a question for the court. The credibility and weight of such evidence is a question for the jury. If the jury does not believe the evidence beyond a reasonable doubt, the defendant is entitled to an acquittal; but in weighing and considering the evidence the jury is not required to segregate such evidence and set same apart from the *1219 other evidence in the case and make a preliminary finding in respect thereto; but it is their duty to consider the corroborating evidence in connection with all the other evidence in the case, and when so considered, if they believe the corroborating evidence beyond a reasonable doubt, and from the whole evidence they are satisfied of the defendant’s guilt in that degree, it is their duty to convict.” Slayton v. State, 234 Ala. 1, 173 So. 642.
Furthermore, in Slayton, “Without the testimony of the witness [the accomplice] there was no testimony in the case which would have authorized a conviction . In the case before us, the State’s case was not absolutely dependent upon the testimony of Donald King, even though his testimony was of great benefit to the State.
As to designated Charge 12, appellant counts heavily also upon Newsum v. State, 10 Ala.App. 124, 65 So. 87, in which the trial court gave a similar charge at the request of defendant. However, in Newsum, there was involved the factual question whether a co-defendant, testifying for the State, was an accomplice. In this case, there was no question of fact as to Donald King’s participation in the robbery. The trial court stated as a matter of law to the jury that he was an accomplice and that his testimony had to be corroborated so as to implicate the defendant in order for the defendant to be validly convicted. In the circumstances of this case, there was “other evidence in the case connecting Charles King with the robbery.” Such was not a matter for the jury to decide, but it was within the province of the jury to decide what credence and what weight should be given to such testimony. The court properly refused Charge 12.
Charge 23 is, as stated by appellant, the same as Charge 8 in Burk v. State, 22 Ala.App. 107, 114 So. 71, cert. denied, 216 Ala. 655, 114 So. 72, but the charge was not “held good” therein. Appellant is evidently misled by the views of Chief Justice Anderson on certiorari, but the majority of the court thought and held otherwise.
A large number of charges requested by defendant and refused by the court are to the effect that a reasonable doubt arising from any part of the evidence would be sufficient to authorize an acquittal or preclude a conviction. One charge designated by appellant as Charge 20 is as follows:
“The Court charges the jury, if the jury upon considering all of the evidence, has a reasonable doubt about the defendant’s guilt, arising out of any part of the evidence, they should find the defendant not guilty.”
The quoted charge, as well as some other refused charges, is substantially in the language of Charge 2 in Rakestraw v. State, 211 Ala. 535, 537, 101 So. 181, 183 (1924), which was held to have been erroneously refused “even though it were conceded that the general affirmative charge with hypothesis was properly given against [defendant].” Thirty years after Rakestraw, Judge Carr exhaustively considered some inconsistencies in previous opinions as to the same charge, or other substantially similar charges, and concluded:
“It is evincingly clear that the authorities from the Supreme Court are not in accord as to the propriety of the refusal of the charge in question. Certainly a majority of them do not disapprove it.
“As we view our task, we must look to the last word of the Supreme Court, title 13, § 95, Code 1940. This is found in the Rakestraw case, supra.” Sanford v. State, 37 Ala.App. 603, 75 So.2d 109, cert. denied 261 Ala. 699, 75 So.2d 85.
Eighteen years after Sanford, supra, Judge Cates in Buckelew v. State, 48 Ala.App. 411, 265 So.2d 195, cert. denied, 288 Ala. 735, 265 So.2d 202, cert. denied, 409 U.S. 1060, 93 S.Ct. 558, 34 L.Ed.2d 512, discussed the mentioned inconsistency and noted that in Gautney v. State, 284 Ala. 82, 222 So.2d 175, the Rakestraw holding is given approval by way of obiter dictum. In Buckelew, a reversal was saved by reason of the giving of another charge which it could not be said did not substantially and fairly cover the charge refused.
*1220 Appellee does not take issue with the holding in Rakestraw, but relies upon the principle that the refusal of a good charge does not constitute prejudicial error if it is otherwise substantially and fairly covered by the court’s instruction. It refers to the court’s excellent instructions generally on the subject of probable cause, but does not cite any reference therein to a “part of the evidence,” or the like.
Our review of the court’s oral charge in the case sub judice fails to find any statement therein to the effect that a reasonable doubt can arise from a “part of the evidence.” The same is true as to the written charges given.
Notwithstanding our reluctance to refute the view expressed in Cagle v. State, 211 Ala. 346, 100 So. 318, that a charge such as appellant’s designated Charge 20 has a misleading tendency, which justifies its refusal, we must follow the last word of the Supreme Court. Appellant’s designated Charge 20, or at least one of defendant’s other requested written charges on the subject of “a reasonable doubt of guilt ‘arising out of any part of the evidence’,” should have been given.
For the error indicated the judgment should be reversed.
The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh M. Clark serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby reversed and the case remanded.
REVERSED AND REMANDED.
All the Judges concur.