# Barton *v.* Incorporation of Gadsden.

### *Prosecution for Violation of Municipal Ordinance.*

1. *Municipal ordinance prohibiting sale of spirituous liquors, repealed by subsequent ordinance prohibiting sale without license.*—A municipal ordinance prohibiting the sale of spirituous liquors under a penalty, and a subsequent ordinance prohibiting their sale without a license, the price of which is prescribed, being inconsistent and repugnant, the former is repealed by the latter.

2. *Repeal of penal statute or ordinance; effect on pending prosecutions.* By statutory provision, a pending prosecution is not abated by the repeal of the statute on which it is founded, unless otherwise provided by the repealing statute (Code, § 4449); but this statute does not apply to municipal ordinances, and pending prosecutions under such ordinances are abated by their repeal, unless expressly excepted from the operation of the repealing ordinance.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. JAMES E. COBB.

This was a prosecution for the violation of a municipal ordinance of the town of Gadsden, which provided that, from and after its passage, "it shall not be lawful for any person to sell, or otherwise dispose of vinous, spirituous, or malt liquors, or other intoxicating beverages or bitters whatever, within the corporate limits of Gadsden ;" and imposed a penalty of $50 for its violation. This ordinance, No. 63, was adopted on the 3d January, 1882; and under its provisions the defendant was arrested on the 24th March, 1882, and fined $50 in the mayor's court. Fron this judgment he took an appeal, in August, 1883, to the Circuit Court; and the case was there continued, from term to term, until the July term, 1885, when a trial was had. On the trial, as the bill of exceptions shows, the defendant objected to the admission of said ordinance as evidence, on the ground that it had been repealed ; and he offered in evidence another ordinance, No. 81, which was adopted on the 24th January, 1885, which prohibited the sale of liquors without a license, and fixed the price of a license at $500. The court overruled his objections to the former ordinance, and admitted it as evidence ; but sustained the plaintiff's objection to the latter ordinance, and excluded it. The defendant excepted to these rulings, and he here assigns them as error.

WM. H. DENSON, for appellant.

J. H. DISQUE, *contra.*

CLOPTON, J.—Our conclusion renders unnecessary a decision of the question as to the power of the municipal authorities to adopt the ordinance No. 63. The ordinance was adopted in January, 1882; and declares, "it shall not be lawful for any person to sell, or otherwise dispose of vinous, spirituous or malt liquors, or other intoxicating beverages or bitters whatever, within the corporate limits of the city of Gadsden;" and subjects the offender to a fine of not less than fifty dollars. There are other provisions, relating to physicians and druggists. In January, 1885, the board of mayor and aldermen adopted the ordinance No. 81, which provides : "It shall not be lawful for any person, firm, company, or corporation to sell vinous, spirituous or malt liquors, within the corporate limits of the city of Gadsden, without first having paid for and taken out a license therefor." The amount of license is fixed at five hundred dollars *per annum*, to be paid as provided in the ordinance; and any one violating its provisions "shall, on conviction, be fined not less than fifty, nor more than one hundred dollars, and may be imprisoned, not less than ten, nor more than thirty days, one or both, in the discretion of the mayor." It is manifest that the two ordinances are repugnant to each other. The first is absolute prohibition, except the limited priveleges granted to druggists and physicians; while the latter authorizes and requires a license to sell or otherwise dispose of such liquors, beverages and bitters, and makes it unlawful when done without having obtained the requisite license, or without having paid the amount to the treasurer ; and the penalties are altogether different. The ordinance No. 81 is a revision and substitute of ordinance No. 63, and operates to repeal it by implication.

The appellant was tried and convicted by the mayor in August, 1882, and fined fifty dollars for a violation of ordinance No. 63. From this judgment he took an appeal to the Circuit Court, where the case was continued and pending until July, 1885, when a final judgment was rendered against him. The proceeding is a *quasi* criminal prosecution, and, according to the settled rule, the repeal of ordinance No. 63, out of which the prosecution grew, pending the appeal in the Circuit Court, and before trial, puts an end to the proceedings founded thereon, unless saved by some general statute, or by a saving clause in the repealing ordinance. Section 4449 of the Code, which saves the proceedings, where the law under which they are had is repealed, does not apply to the ordinances of municipal corporations, but solely to laws enacted by the General Assembly ; and there is no saving clause in the repealing ordinance.—*Naylor v. City of Galesburg*, 56 Ill. 285 ; *City of Kansas v. Clark*, 68 Mo. 588. The ordinance under which the appellant was

[Ala. Fertilizer Co. v. Reynolds & Lee.]

tried and convicted in the Circuit Court, was not in force at the time of the trial, and of the rendition of the judgment; and the proceedings were not saved.

The judgment must be reversed, and an order made dismissing the proceedings.