# City of Birmingham *v.* Baranco.

## *Violating Municipal Ordinance.*

(Decided April 16, 1912.   58 South. 944.)

1. *Municipal Corporation; Ordinances; Repeal.*—An ordinance of a city adopted in conformity with, and to carry into effect and punish for the violation of the general prohibition law of 1909, is necessarily repealed by an ordinance adopted in conformity with, and to carry into effect and punish violation of the act of 1911, regulating the sale of liquor.

2. *Same; Saving.*—An ordinance declaring that no penalty incurred before the repeal of a named ordinance shall be affected

by such repeal, is valid, and saves a prosecution for a violation of such ordinance pending in the circuit court at the time, the ordinance is repealed by an ordinance containing no saving clause.

3. *Same; Appeal; Statutes.*—Where the case involved the validity of an ordinance under which the prosecution was begun, and the validity of another ordinance saving prosecutions pending at the time of the repeal of an ordinance, a city may, under the provisions of section 1220, Code 1907, appeal from a judgment quashing the complaint, and discharging the accused.

4. *Intoxicating Liquors; Ordinances; Violation.*—Under section 170, Constitution 1901, the provisions of section 96, Acts 1911, p. 288, has no application to quasi criminal cases, for the violation of municipal ordinances.

5. *Statutes; Repeal.*—A subsequent statute clearly repugnant to a prior one necessarily repeals the prior one without expressed words, especially where the subsequent statute is clearly intended as a substitute, and to create the only rule to govern the subject treated.

6. *Statutes; Repeal; Saving Clause.*—Section 7806, Code 1907, supersedes the common law rule that the repeal of a statute under which a proceeding is pending puts an end to the proceeding, unless it is saved by a proper saving clause in the repealing statute, and that the punishment provided for under the repealed statute cannot be enforced; but this statute does not apply in quasi criminal cases for the violation of municipal ordinances.

APPEAL from Jefferson Criminal Court.

Heard before Hon. E. C. CROWE.

G. S. Baranco was convicted in the Recorder's court for a violation of a prohibition ordinance enacted in conformity to the prohibition law of 1909. On appeal to the circuit court, the prosecution was dismissed and the proceedings quashed, because of certain ordinances passed, since the commission of the offense, repealing the ordinance under which prosecution was begun, and from this judgment, the city appeals. Reversed and remanded.

ROMAINE BOYD, and J. R. TATE, for appellant. Section 817 of the City Code contains a saving clause which has the effect of saving the repeal of the ordinance pending this prosecution, and the court was in error in quashing the proceedings and discharging the defendant.—*Barton v. City of Gadsden,* 79 Ala. 495; *Baker*

*v. Lexington,* 53 S. W. 16; *Denning v. Yount,* 61 Pac. 803. If this were not true, the provisions of Section 7806, Code 1907, would save the prosecution.

J. Q. SMITH, and S. B. STERNE, for appellee. A city cannot enact any ordinances in conflict with the statute or constitutional provisions.—Section 89, Constitution 1901; Section 1251, Code 1907. The enactment of the Smith bill necessarily repeals the ordinances founded on the Carmichael and Fuller bills.—*George v. The State,* 39 Ala. 675; *So. Ex. Co. v. Tuscaloosa,* 31 So. 460; *Holt v. Birmingham,* 111 Ala. 369; *Hulet v. Camp,* 115 Ala. 499; *A. G. S. v. Bessemer,* 113 Ala. 268. The ordinance being repealed it cannot have the effect of being a basis for the proceedings in this case.—*State v. Allaire,* 14 Ala. 435; *State v. Mosely,* 14 Ala. 390; *Jordan v. The State,* 15 Ala. 747; *George v. The State, supra; Darden v. Mobile,* 45 Ala. 314. The common law doctrine that the repeal of an ordinance puts an end to all prosecution pending under it, is the rule in this state.—*George v. State, supra; Barton v. City of Gadsden,* 79 Ala. 495. The adoption of the ordinance under the Smith bill necessarily repeals the former ordinance.—*Prowell v. The State,* 142 Ala. 80; 67 Ill. 102. The ordinance was not saved by Section 96 of the Smith bill, as under section 170, Constitution 1901, said section and section 7806, Code 1907, can have no application to quasi criminal proceedings, such as the violation of municipal ordinances.—128 U. S. 398; 30 So. 186; 34 Ia. 524; 116 Ky. 812; 23 S. W. 182. Ordinance 817 does not save prosecution in this case, as the repealing ordinance must contain the saving clause, and not an independent ordinance.—7 Words & Phrases, 6338; 61 L. R. A. 593; 68 Mo. 588; McQuillan's Municipal Ordinance, Sec. 206.

PELHAM, J.—The appellee was convicted in the recorder's court of the city of Birmingham, a municipal corporation, for violating an ordinance, known and designated as "Ordinance No. 250," of said city on April 1, 1911, and an appeal was prosecuted from this judgment of conviction, rendered by the recorder, to the circuit court of Jefferson county on April 3, 1911, where the case remained, pending trial, until the 9th day of November, 1911, when, on motion of appellee, the complaint against him in the circuit court, filed by the appellant, was quashed and appellee discharged. The city of Birmingham prosecutes this appeal from the judgment of the circuit court granting the motion to quash the complaint and discharging appellee.

Ordinance No. 250, under the provisions of which the municipality sought a conviction, was adopted in February, 1910, and was clearly framed (and the fact is admitted) in conformity with and to carry into force and effect, and provide for punishment under the provisions of the general prohibition law of the State, known as the Fuller bill. Acts 1909 p. 63. During the time the case against the appellee, based on a violation of Ordinance No. 250, was pending in the circuit court, the qualified electors of Jefferson county legalized the sale of theretofore prohibited liquors, under the regulations and restrictions provided by law, and the city of Birmingham subsequently, on the 14th day of September, 1911, adopted an ordinance, known as Ordinance 39c, in conformity with and to carry into force and effect, and provide for punishments under, the provisions of the act regulating the sale and disposition of liquors, known as the Smith Bill. Acts 1911, p. 349 et seq. This latter ordinance revises the whole subject-matter covered by the former ordinance; and there is no room for cavil or question but that it does treat the same subject-matter,

and is intended as a substitute for the prior ordinance, and that the latter ordinance contains no provision that can be construed as saving pending proceedings under the former ordinance (No. 250), and that this prior ordinance, under the well-recognized rule of statutory construction, is repealed by the subsequent ordinance (39c).

But it is contended by appellant that the case brought against appellee by the city in its recorder's court, and pending on appeal in the circuit court, is saved by the general statute, which provides (Section 96, Acts 1911, p. 288) "that nothing in this act shall affect any prosecution pending before the courts of this State." The word "prosecution," as used in this section in such a connection, however, has been universally held not to apply to quasi criminal cases for the violation of municipal ordinances. Constitution of Alabama, § 170; *City of Davenport v. Bird,* 34 Iowa, 524; *Cheatham v. State,* 59 Ala. 40; *Burns v. Campbell,* 71 Ala. 271; *Barton v. City of Gadsden,* 79 Ala. 495; *Louisville v. Wehmhoff,* 116 Ky. 812, 76 S. W. 876; *Ex parte Fagg,* 38 Tex. Cr. R. 573, 44 S. W. 294, 40 L. R. A. 212.

There is nothing contained in the Smith Bill that would imply that a different meaning should be given to the word "prosecution," as used in section 96 of that act, from that accorded to it by a construction of the courts as applying only to cases for an infraction of the State laws, and not municipal ordinances.

The provisions of the prohibition act, known as the Fuller Bill (Acts 1909, p. 63), that are in conflict with and repugnant to the provisions of the regulation act, known as the Smith Bill (Acts 1911, p. 249), were repealed, in so far as they related to Jefferson county, when the latter act went into force and effect in that county through an election held under the provisions of the act known as the Parks bill. Acts 1911, p. 26

It is the settled law of this State that a subsequent statute clearly repugnant to a prior one necessarily repeals the former, without express words to that effect, if the latter is clearly intended as a substitute and to create the only rule to govern the subject treated.— *George v. State,* 39 Ala. 675; *Holt v. Birmingham,* 111 Ala. 369, 19 So. 735; *Hewlett v. Camp,* 115 Ala. 499, 22 South. 137; *Douglass v. Anniston,* 104 Ala. 291, 16 South. 133; *Anniston v. So. Ry Co.,* 112 Ala. 557, 20 South. 915; *A. G. S. R. R. Co. v. Bessemer,* 113 Ala. 668, 21 South. 64; *Barton v. City of Gadsden,* 79 Ala. 495; *Prowell v. State,* 142 Ala. 80, 39 South. 164.

It was the rule of the common law, and has been so declared by the well-considered opinions of the appellate courts of this and other States, that the repeal of an existing statute, under which a proceeding is pending, puts an end to the proceeding, unless it be saved by a proper saving clause in the repealing statute; and that the penalty or punishment provided for under the repealed statute cannot then be recovered or enforced.—*Barton v. Gadsden* 79 Ala. 495; *State v. Bank,* 1 Stew. 347; *Freeman v. State,* 6 Port. 376; *Pope v. Lewis,* 4 Ala. 493 *Broughton v. Bank,* 17 Ala. 828; *George v. State,* 39 Ala. 677. But by a general statute, passed December 7, 1866 (Laws 1866-67, p. 137), and carried forward in successive Codes and now incorporated in the Code of 1907 as Section 7806, all prosecutions for violations of the State laws are saved from being affected by a repeal of the statute under which they were committed. This statute, however, does not apply to quasi criminal cases for the violation of ordinances of municipal corporations.—*Barton v. Gadsden, supra.*

While it is true that neither the general statute (Code 1907, § 7806), nor section 96 of the Smith Bill (Acts 1911, p. 288), operates to save the prosecution pending

in the circuit court, and while it is also true that Ordin-
ance 39c repeals Ordinance No. 250, and contains no
clause saving prosecutions instituted under the latter
ordinance, yet the general ordinance of the city, saving
prosecutions commenced under an ordinance from being
affected by the repeal of such ordinance, does clearly
save the prosecution brought against the appellee for an
offense committed under an existing ordinance, and
pending in the circuit court on appeal from the record-
er's court when the ordinance was repealed. This gen-
eral ordinance is set out in the bill of exceptions, under
an agreed statement of facts that it is one of the ordin-
ances of the municipality affecting the prosecution in
this case, and is designated as section 817 of the City
Code of Birmingham and is as follows: "Sec. 817. No
Penalty Incurred Before Repeal of Ordinance is Affect-
ed Thereby.—No fine, penalty or forfeiture incurred un-
der any ordinance previous to its repeal, nor proceeding
therefor instituted before such repeal, shall in any way
be affected, released or discharged by such repeal, but un-
less otherwise expressly provided, any such fine, penalty
or forfeiture may be recovered, and any proceeding
therefor may be prosecuted in like manner, and as fully
as if such ordinance had continued in force." This is
a general ordinance saving any pending prosecution for
an offense committed in violation of an existing munici-
ipal law that has subsequently been repealed, just as
section 7806 is a general statute saving any prosecution
for an offense committed in violation of an existing State
statute that has subsequently been repealed. The gen-
eral statute has been repeatedly unheld and construed
to save prosecutions that otherwise must have abated;
and we see no reason why section 817 of the Municipal
Code of Birmingham does not operate to save the pros-
ecution pending against the appellee in the circuit court.

It is true that an ordinance passed by a municipality repealing a former ordinance may contain a special saving clause, as may also a statute passed by the Legislature of the State contain such a clause, and, in the absence of a saving clause in the ordinance or statute, the prosecution would be at an end, as has been held in many cases; but this does not mean that a municipaltiy may not pass a general ordinance, such as set out above, saving prosecutions for offenses committed under the ordinance so repealed, or that the State may not pass a statute, such as section 7806, saving prosecutions for offenses committed under the statute so repealed. There is no reason why the general ordinance of the municipality should not be as legal and effective in this regard, and accomplish the purpose of enactment, the same as the general statute of the State; the lawmaking power of the municipality and the State each acting in its respective legislative domain, and each law operating in its own field, under like conditions, on the same subject-matter to the accomplishment of similar results in the two cases—one saving prosecutions as to repealed municipal ordinances, and the other saving prosecutions as to repealed State statutes.

That the motion of the appellee, the defendant in the court below, to quash the complaint was improperly granted by the court will appear from what we have said.

Section 1220 of the Code of 1907 authorizes an appeal by the city, as the case presented involves the validity of Ordinance No. 250 and section 817 of the Municipal Code of Birmingham. It follows that the case must be reversed and remanded.

Reversed and remanded.