196 So. 739

## McPHERSON v. STATE.

### 4 Div. 541.

Court of Appeals of Alabama.

Feb. 27, 1940.

Rehearing Denied March 26, 1940.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

We are not prepared to accord to the several insistences relative to the alleged infirmities of the indictment raised by the demurrer thereto. We think the single specific charge, or accusation, contained in the indictment is sufficient to apprise the defendant as to the exact charge he was called upon to defend, and that such offense is stated in a manner as to enable the accused to know what was intended. Moreover, the indictment, as framed, for the sole charge therein contained, is in substantial conformity with the provisions of the Statute, Code 1923, § 4644. Campbell v. State, 238 Ala. 439, 191 So. 812.

In this case, as in all criminal prosecutions, the burden rested upon the State to adduce evidence, under the required rule, to sustain the material averments in the indictment, and such evidence should be confined to the specific charge against the accused and to none other. Here, the sole charge in the indictment was to the effect that the defendant, "did have in his possession for sale whiskey," contrary to law.

On the trial of the case, and over the objections, exceptions, and motions to exclude, the court permitted the State to introduce in evidence, against the defendant, a pint of gin, and a quart of wine, each bearing the stamp of the Alabama Alcoholic Beverage Control Board. The several rulings of the court in this connection were error, if for no other reason, because of the fact the only act complained of in the indictment was the alleged unlawful possession of whiskey. The court should have sustained the several objections; for it is judicially, and otherwise generally known, that gin and wine, are not whiskey, and the introduction in evidence of the gin and wine was irrelevant and inadmissible, and could shed no light upon any issue involved in this case. The exceptions to the rulings of the court in this connection must be sustained, it being apparent that the substantial rights of the accused were injuriously affected.

The inquiry of more serious import, however, is, is the evidence in this case sufficient to sustain the judgment of conviction? This evidence discloses in substance that the defendant was in possession of one quart bottle of whiskey, and another bottle with a small quantity of whiskey in it. The evidence is without dispute that the whiskey which defendant had in his car was not contraband in any manner, for it bore the proper State stamp on each of the bottles, and the occurrence took place in the City of Dothan, in Houston County, Alabama, and this court judicially knows that Houston is a "wet" county, where properly stamped intoxicating liquors may be legally purchased, and likewise legally possessed. The possession of said liquor by defendant was not only presumptively legal, but was conclusively so, there being no evidence tending to show the contrary.

The indictment, however, charged that the accused had the whiskey in possession for sale, and this averment is the sole material allegation upon which the prosecution in this case was rested, and, as stated, hereinabove the burden to prove said allegation was upon the State. There is no evidence in this case showing or tending to show that the defendant had made any sale of the liquor in question, or that he had attempted to do so in any manner. There were but two witnesses examined upon the trial, and they both testified they did not see the defendant sell any whiskey, or attempt to do so, nor did they see him touch the whiskey in any manner; and that no one approached him in an effort to get any whiskey from him.

The insistence that the evidence was sufficient to establish the corpus delicti, is untenable, as there was no evidence adduced upon the trial which tended to show the defendant guilty of any unlawful act. His possession of the whiskey being in every respect legal, coupled with a total lack of any evidence tending to show that he had violated the law in any manner, would strongly indicate that his conviction was rested solely upon suspicion, conjecture and surmise, and such a conviction cannot be permitted to stand. Riley v. State, 28 Ala.App. 389, 187 So. 247. In said case, this court, through the lamented Judge Samford, said: "It has many times been held by this court that the presumption of innocence is an evidentiary fact, and at-

tends a defendant throughout his trial and until his guilt has been established by the evidence beyond a reasonable doubt. It has also been declared in many cases that mere suspicion, no matter how strong, is not sufficient to overturn the presumption of innocence. Facts and circumstances that only give rise to suspicion of guilt will not justify a verdict of conviction."

As stated, the primal ingredient of the offense here charged was the possession of whiskey for sale. Without any proof of sale, or attempt to sell the whiskey in question, it necessarily follows that the conviction of this appellant was rested upon a statement made by him to the State witnesses in a so-called extrajudicial confession, and upon such no conviction can be had or sustained. In the absence of proof of the corpus delicti, and there is no evidence in this case showing or tending to show that a crime had been committed, said purported confession was not admissible, and should have been excluded on defendant's objection based upon the ground that the corpus delicti had not been proven; and the general charge requested by the defendant in writing should have been given. "A confession not corroborated by independent evidence of the corpus delicti is not sufficient to support a conviction."

For the numerous errors indicated, the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.