14 So.2d 837

## LOVETT v. STATE.
### 4 Div. 779.

Court of Appeals of Alabama.

May 25, 1943.

Rehearing Denied June 15, 1943.

[redacted]

[redacted]

[redacted]

J. N. Mullins, of Dothan, for appellant.

[redacted]

Wm. N. McQueen, Acting Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

[redacted]

BRICKEN, Presiding Judge.

This appeal is from a judgment of conviction for the offense of having whiskey in possession for sale, etc., contrary to law.

Before pleading to the merits the defendant demurred to the indictment upon several grounds wherein it was contended "the indictment charged no offense known to the law."

[redacted] In our case of McPherson v. State, 29 Ala.App. 278, 196 So. 739, 740, certiorari denied 239 Ala. 641, 196 So. 741, an indictment identical to the one here, this court said: "We are not prepared to accord to the several insistences relative to the alleged infirmities of the indictment raised by the demurrer thereto. We think the single specific charge, or accusation, contained in the indictment is sufficient to apprise the defendant as to the exact charge he was called upon to defend, and that such offense is stated in a manner as to enable the accused to know what was intended. Moreover, the indictment, as framed, for the sole charge therein contained, is in substantial conformity with the provisions of the Statute, Code 1923, § 4644 [Code 1940, Tit. 29, § 119]. Campbell v. State [238 Ala. 439] 191 So. 812."

As direct authority, therefore, we hold again that the demurrers to the indictment were properly overruled. Several of the grounds of demurrer presented defensive matters only, and hence were no answer to the valid indictment.

[redacted] The charge contained in the indictment is a continuing offense. The possession by the accused of about 200 pints of all sorts of whiskey being undenied, in fact admitted, there was no error in the rulings of the court in allowing the State to offer evidence to sustain the material and essential averment that the accused's possession of the whiskey was for the purpose of selling it; and the testimony of the State's witnesses which tended to show that they had bought whiskey from this defendant on several occasions at this same place of business was not only relevant but was important and necessary. The insistences of error in this connection are without merit.

[redacted] On cross-examination of the State's witnesses who had testified to the effect that they had bought whiskey from this appellant at his place of business, the defendant undertook to show they had not prosecuted him for making said sales. The trial court was correct in the rulings as to this line of inquiry as it could make no difference whether said purchasers had prosecuted the defendant or not. Such evidence if allowed could in no manner shed any light upon the issues involved in this case.

As to the instant case, an affirmance of the judgment of conviction from which this appeal was taken, could well be rested upon the authority of our case of Lovett

v. State (this same appellant), 30 Ala.App. 334, 6 So.2d 437, certiorari denied 242 Ala. 356, 6 So.2d 441, to which our attention has been directed by appellant's counsel, in brief.

■ There was no error of the trial court in overruling defendant's motion to exclude the evidence to which action exception was reserved. Nor was there error in refusing to defendant the general affirmative charge. There is no phase of this case which entitled the accused to a directed verdict.

Affirmed.