14 So.2d 838

**LOVETT v. STATE.**

4 Div. 300.

Supreme Court of Alabama.

July 16, 1943.

J. N. Mullins, of Dothan, for the petition.

Wm. N. McQueen, Acting Atty. Gen., and John J. Haynes, Asst. Atty. Gen., opposed.

FOSTER, Justice.

The indictment in this case charges the defendant with having in his possession for sale whiskey contrary to law against the peace and dignity of the State of Alabama, and was returned July 31, 1941, in Houston which is a wet county.

There was a demurrer which raises the question that since Houston County is a wet county, there is no law making such an act criminal. Reliance is had on a statement in Hardin v. State, 30 Ala.App. 204, 3 So.2d 83, at page 85 (after remandment), to the effect that in wet counties the Alcoholic Beverage Control Act of February 2, 1937, Extra Session 1936–37, page 40, Code 1940, Title 29, §§ 1 to 78, is controlling; and that in dry counties, the prohibition laws existing before the Act was enacted are controlling. And that under that Act, the only offense in a wet county is a violation of a rule or regulation of the A. B. C. Board, which is not charged in the indictment.

The broad terms of that statement have been limited in two respects. For one, see Holt v. State, 238 Ala. 2, 193 So. 89. Another is that to the extent that the general prohibition laws, which were not repealed by that Act and which still have a field of operation in wet counties and which are consistent with the Act, were said then to be in effect relating to a transaction which occurred prior to the effective date of the Code of 1940. Lovett v. State, 30 Ala.App. 334, 6 So.2d 437, certiorari denied 242 Ala. 356, 6 So.2d 441. The transaction in that case was shown by the evidence to have been the same as in the instant case. The former was a condemnation of the liquor, and the latter is a criminal prosecution. In the former case it was shown that the condemnation could only be sustained by section 4740, Code of 1923, section 209, Title 29, Code of 1940, but not by the A. B. C. Act.

The indictment here in question was returned July 31, 1941, and the Code became operative May 31, 1941. The indictment covers the period of twelve months preceding, so that it may be sustained by a transaction either before or after the effec-

tive date of the Code, and on demurrer we must so treat it.

There was no provision in the A. B. C. Act for a condemnation as authorized by section 4740, Code of 1923, and the principle declared in the first Lovett case, supra, was necessary, if the proceeding was to find support. That section of the Code of 1923 is section 209, Title 29, Code of 1940, and is a part of Chapter 3 of that title. Section 92 of that chapter, as it now appears in that Code, defines its scope and provides that "the following sections of this chapter shall be applicable in all 'dry counties.'" Section 209 is in that chapter, and so is section 98, which prohibits one from having whiskey in his possession in any quantity. Without section 92, supra, the principle of the first Lovett case would without doubt extend the effect of section 98 to wet counties, as well as section 209, except as possession of whiskey in a wet county is authorized by Chapter 1, Title 29, which is in substance the A. B. C. Act.

So that by reason of section 92, supra, the inquiry reverts to the question of whether there is in the law a prohibition against having whiskey in possession for sale in a wet county, not provided for in Chapter 1, supra, or under its authority. The answer however does not necessarily call for a consideration of the effect of section 92, supra, (inserted by the Code Committee), as it is set out in a chapter entitled "Laws Applicable In Dry Counties And To Illicit Manufacture And Sale."

 Section 2(b), Article 1, Chapter 1, Title 29, Code of 1940, section 3(c) of the A. B. C. Act, supra, provides that "Except as herein otherwise expressly provided, the purpose of this chapter is to prohibit transactions in liquor and alcohol, and malt or brewed beverages, which take place wholly within the state, except by and under the control of the board, as herein specifically provided, and every section and provision of this chapter shall be construed accordingly." It is therefore perfectly clear that by the terms of this Act, any sale of whiskey or its possession for sale is contrary to law except pursuant to the rules and regulations of the board and the standards set forth in the Act.

The indictment charges a possession of whiskey for sale "contrary to law." If the possession for sale be in accordance with the A. B. C. Act and the rules and regulations of the board it would not be contrary to law, and a conviction could not be had under the indictment. The validity of the indictment may be referred to any law which prohibits the possession of whiskey in Houston County for sale, provided some such law existed throughout the twelve month period preceding its return into court. That law may be found in what became section 2(b), Title 29, Code of 1940, and the legislative act prior thereto.

This Court denied certiorari to review an opinion of the Court of Appeals which approved an indictment in the same terms in the case of McPherson v. State, 29 Ala.App. 278, 196 So. 739, certiorari denied 239 Ala. 641, 196 So. 741. That case was rested largely on section 4644, Code of 1923, section 119, Title 29, Code of 1940. But that section is one of those affected now by section 92, supra, but not then in effect. We do not wish to intimate that section 92 has the effect which may at first glance be thought to exist, since it is an affirmative declaration as to dry counties, but it is not expressly a negative one as to wet counties.

The demurrer to the indictment was properly overruled, insofar as this question is concerned.

We see no occasion to discuss other questions presented by the petition.

Certiorari denied.

GARDNER, C. J., and THOMAS, BROWN, LIVINGSTON, and LAWSON, JJ., concur.