17 So.2d 421

### GANDY v. CITY OF BIRMINGHAM.
#### 6 Div. 961.

Court of Appeals of Alabama.
Aug. 10, 1943.

Rehearing Denied Oct. 5, 1943.

Affirmed after Remandment Jan. 18, 1944.

Wm. Conway, of Birmingham, for appellant.

Ralph E. Parker, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

This case originated in the Recorder's Court of the City of Birmingham, where the appellant was convicted and fined, and from that conviction she appealed to the circuit court of Jefferson County. On such appeal the complaint filed against appellant, alleged that: "Carrie Gandy within twelve months before the beginning of this prosecution and within the City of Birmingham, Alabama, or the police jurisdiction thereof did unlawfully sell or offer for sale, to W. V. Lightfoot, to-wit one half pint of whiskey on to-wit: March 15, 1942, contrary to and in violation of Section 5363 of the 1930 City Code of Birmingham, Alabama."

The defendant demurred to said complaint "for that it charges no offense; the facts are insufficient to charge a violation of the ordinance named; the complaint was not based on a sworn affidavit; the ordinance was in conflict with the general laws of the State in that it had been repealed; and the complaint did not aver that whiskey was prohibited liquor."

As we understand the law, none of these demurrers pointed out any defect in the complaint and they were properly overruled.

In the transcript is a motion for a new trial, but we do not consider same because, according to the transcript, the case was tried June 15, 1942 and on that day appellant gave bond which was then approved, and appealed the case to this court. That appeal effectually removed the cause from the trial court, and thereafter it had no jurisdiction to grant or to entertain appellant's motion for a new trial, which was filed June 25, 1942. Hudson v. Bauer Grocery Co., 105 Ala. 200, 16 So. 693; Lewis v. Martin, 210 Ala. 401, 98 So. 635; St. Louis & San Francisco Ry. Co. v. Dennis, 212 Ala. 590, 103 So. 894; Smith v. State, 17 Ala.App. 565, 86 So. 120; Wade v. State, 18 Ala.App. 322, 92 So. 97.

We are not unmindful of the fact that the Code, Title 15, § 382, provides: "Where an appeal is taken from the judgment of any county or circuit court in criminal cases, the trial court retains jurisdiction for the purpose of granting a motion for a new trial."

We omit presently determining whether that language refers to a then pending motion for a new trial or includes any motion thereafter filed, for the reason that such determination is not necessary in this cause. It is here sufficient to say that the defendant was being prosecuted for the violation of a city ordinance and such a prosecution is not a criminal case within the purview of this section of the Code. City of Birmingham v. Baranco, 4 Ala.App. 279, 58 So. 944; Childs v. City of Birmingham, 19 Ala.App. 71, 94 So. 790; Shapiro v. City of Birmingham, 30 Ala.App. 563, 10 So.2d 38.

It results, therefore, that we are not at liberty to review the action of the court in passing upon the motion for a new trial, nor to review any ruling shown only by the bill of exceptions. Hence, in addition to the ruling upon demurrers to the complaint (assignment 1), we are confined in this appeal to the consideration of charges given and refused.

■ Appellant assigns as error the refusal to give written charges numbered respectively A–1, A–4, H–4, 1 and 2, each of which is referable to and dependent upon what the testimony showed or did not show, and as indicated above, the testimony is not properly before this court, and hence we cannot pass upon the court's refusal to give these charges. In addition charge A–4, is involved. Charges A–2 and A–3 were to the effect that "the defendant is not charged with" a certain offense. If such a charge be proper, then a defendant upon trial for one offense could, by written requests, compel the trial court to charge the jury he was not charged with every other offense known to the criminal law. They were properly refused.

■ Lovett v. State, 30 Ala.App. 334, 6 So.2d 437, certiorari denied 242 Ala. 356, 6 So.2d 441, determined that in wet counties non-licensed persons could not keep liquor for sale, even though such liquor may have been lawfully acquired. It follows that such persons could not lawfully sell such liquor. Charles Lovett v. State, Ala.App., 14 So.2d 837.[1] Certiorari denied with opinion 244 Ala. 601, 14 So.2d 838. The unnumbered charge given at the request of the city was properly given.

Affirmed.

### After Remandment.

Upon the original consideration of this case by this court, an affirmance of the judgment of the lower court was ordered, and adjudged, upon specific grounds stated in the opinion.

The Supreme Court, on certiorari, granted the writ prayed for, and reversed this court and in remanding the case back to this court, among other things said:

"The Court of Appeals erred in the holdings complained of and above noted.

"It affirmatively appearing that because of such error the Court of Appeals has not considered all the rulings duly presented for review, the writ of certiorari is due to be granted, the judgment of the Court of Appeals vacated, and the cause remanded to that court for further proceedings in keeping with this opinion. So ordered.

"We consider no other question presented by this petition for certiorari. This should await the final result in the Court of Appeals." 245 Ala. 1, 17 So.2d 425.

In accordance with the foregoing, we now proceed to consider and determine all the other rulings presented by the appeal not heretofore dealt with.

■ The appellant objected to the introduction in evidence of the ordinance designated as Section 5363 of the 1930 Code of the City of Birmingham. This section of the City Code, so far as pertinent here, makes it unlawful, except under certain conditions not here involved, for any person to sell or otherwise dispose of prohibited liquors or beverages. The words, "prohibited beverages," include whiskey.

On February 2, 1937, the Legislature of Alabama passed the Alabama Beverage Control Act; Acts Extra Session 1936–1937, page 40, which is now Title 29 of the 1940 Code. In this act it is expressly provided: "Except as herein otherwise expressly provided, the purpose of this Act is to prohibit transactions in liquor and alcohol, and malt or brewed beverages, which take place wholly within the state, except by and under the control of the board, as herein specifically provided, and every section and provision of this Act shall be construed accordingly." Section 2.

The appellant's objection to said section of the City Code was on the grounds that that section of the City Code relates to "prohibited liquors which ordinance was repealed by the legislature of Alabama. This court takes judicial notice that Jefferson County is a "wet county" and the City of Birmingham licenses whiskey legally purchased from an Alabama State whiskey store, and the evidence is undisputed that the whiskey in question is not prohibited liquor but was legal whiskey, same bearing the label, stamps, and tax identifications showing same was legally purchased and possessed according to law." Objection was overruled, and defendant reserved an exception. And the contention is here made that a sale by an unlicensed individual of whiskey which was legally purchased from a State store does not violate the city ordinance and is not unlawful. We think it quite clear that Section 5363 of the 1930 Code of the City of Birmingham was not repealed by the Alabama Beverage Control law.

■ The words "prohibited liquors" used in the ordinance mean prohibited

---

[1] Ante, p. 210.

liquors as defined by section 5362 of said Code of the City of Birmingham, which definition was lifted from the Alabama Statutes, designed to suppress evils of intemperance. Acts 1915, page 1, 1919 page 6, now Title 29, Section 93 of the Code 1940.

Whiskey is one of the prohibited liquors defined by the State Statute and the city ordinance so that the legal effect of the ordinance prior to the enactment of the Alabama Beverage Control law was to make it unlawful for a person to sell whiskey except as was in the ordinance provided. The effect of the Alabama Beverage Control law was not to repeal the ordinance but to modify it and make the sale of whiskey in the City of Birmingham unlawful even though Jefferson County is a "wet county," except by and under the control of the Alabama Beverage Control Board as provided in the Alabama Beverage Control Act.

We conclude there was no error in overruling the objection to the ordinance on the grounds stated.

There was no error in overruling the defendant's motion to exclude the evidence after the City of Birmingham had rested its case because the evidence was sufficient to authorize the jury to find that defendant (appellant) was guilty of a violation of the ordinance as we have interpreted it.

At the close of the court's oral charge, and before the jury retired to consider its verdict, the defendant reserved an exception to the following portions of the court's oral charge:

"The complaint charges the defendant, in short, with selling intoxicating liquor without a license which is one of the phases of the prohibition law left in effect when the A.B.C. law was adopted by the legislature * * *.

" * * * if, * * * you are convinced beyond a reasonable doubt and to a moral certainty that the defendant did sell alcoholic liquor or an alcoholic beverage without a license for so doing at the time this offense is laid and alleged * * * it would be your duty to convict her."

We think the record makes it clear that the "license" the trial court had in mind was a license issued pursuant to the Alabama Beverage Control Act. As thus understood there was no error in the portions of the charge excepted to.

The appellant assigns for error the refusal of seven charges requested in writing which are set out in the transcript and are in words and figures as follows:

"The Court instructs the jury that under the evidence in this case the whiskey was not prohibited liquor and therefore you should find the defendant not guilty.

"The Court instructs the jury that the defendant is not charged with the offense of 'selling liquor without a license' and you should not consider such testimony in arriving at your verdict.

"The Court charges the jury that the defendant is not charged with the offense of 'selling liquor without a license.'

"The ordinance upon which the complaint is based charges the defendant with possession or sale of prohibited liquors, and from the undisputed testimony in this case the liquor was not from the undisputed testimony in this case the liquor was not prohibited liquor, but legal liquor, same having been purchased from an Alabama State Liquor Store, and you should find the defendant not guilty.

"If you believe that any material part of the evidence of the witness W. V. Lightfoot is wilfully false, you may disregard his entire testimony, and should you do so, this defendant must be acquitted.

"The Court instructs the jury, that after considering all the testimony in this case you cannot find the defendant guilty as charged in the Complaint.

"The Court charges the jury that the whiskey purchased from the Alabama State Stores is not prohibited liquor as a matter of law."

Without further comment it is sufficient to say that the opinion here prevails that no error was committed in refusing said charges.

At the request of the city the following written charge was given to the jury: "I charge you gentlemen of the jury if you believe beyond a reasonable doubt that the defendant Carrie Gandy sold any quantity of whiskey to W. V. Lightfoot without license or authority from the Alcoholic Beverage Control Board of Alabama, it would be your duty to find the defendant guilty."

It is true that this charge omits belief on the part of the jury "from the evidence in this case" but at most this was misleading and could have been corrected by an explanatory instruction. In the

court's oral charge the trial court was careful to point out to the jury that it was their duty to take the evidence and consider it and if after considering it the jury was convinced beyond a reasonable doubt and to a moral certainty that the defendant sold alcoholic beverage without a license for so doing, it would be the duty of the jury to convict her; and the court further told the jury that if, on the other hand, after considering all the evidence it was not so convinced it would be the jury's duty to acquit her.

A careful and attentive review of the entire transcript convinces us that the jury well understood that in reaching a verdict in this case they were limited to the evidence in the case.

The judgment appealed from is due to be affirmed, and it is so ordered.

Affirmed.

