18 So.2d 742

## WILLIAMSON v. STATE.

### 7 Div. 765.

Court of Appeals of Alabama.
March 21, 1944.

Rehearing Denied April 4, 1944.

Jas. L. Carter, of Anniston, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for the offense of transporting intoxicating liquors or beverages in quantities of five gallons or more, this appeal was taken.

The indictment upon which appellant was tried and convicted, omitting formal parts, reads as follows:

"The State of Alabama
Calhoun County
} Circuit Court
Calhoun County
Fall Term, 1942

"The grand jury of said County charge that, before the finding of this indictment, Arlin F. Williamson, whose true name is otherwise unknown to the Grand Jury, did transport in quantities of five gallons or more, intoxicating liquors or beverages, the sale or possession of which is now prohibited by the laws of the State of Alabama, against the peace and dignity of the State of Alabama."

The defendant interposed demurrer to the indictment, based upon several grounds. There is no merit in the insistence that error prevailed in the action of the court in overruling the demurrers to the indictment. They were properly overruled. McPherson v. State, 29 Ala.App. 278, 196 So. 739, certiorari denied 239 Ala. 641, 196 So. 741; Lovett v. State, Ala.App., 14 So.2d 837,[1] certiorari denied 244 Ala. 601, 14 So.2d 838; St. John v. State, 24 Ala.App. 450, 137 So. 42, certiorari denied 223 Ala. 448, 137 So. 43; Dotson v. State, 24 Ala.App. 216, 135 So. 159; Sparks v. State, 59 Ala. 82; Title 29, Section 187, Code of Alabama 1940; Title 15, Section 238, Code of Alabama 1940. See also Sales v. State, ante, p. 19, 12 So.2d 101.

The testimony in this case discloses without dispute that the defendant, this appellant, was driving a car upon the public highways of Calhoun County, Alabama, in which at the time there were two full cases of whiskey, amounting as the testimony shows to six gallons. In this connection the testimony elicited by the State showed the following: A. B. C. agents, Hill and Matthews, in an automobile, overtook appellant in an automobile while traveling on a dirt road in Calhoun County. Both cars were traveling away from Gadsden, which is in Etowah County. The A. B. C. agents blew their horn and attempted to pass appellant, but appellant accelerated his speed and moved to the middle of the road, preventing the automobile of the agents to pass him. The A. B. C. agents then blew their siren.

The chase continued to the paved Piedmont-Jacksonville highway, still in Calhoun County. On arriving at Jacksonville, in Calhoun County, appellant turned off on a dirt road leading to the Gadsden-Anniston highway. During this chase the siren on the car of the A. B. C. agents was sounded and shots were fired into appellant's automobile in an attempt to shoot into his tires.

Appellant drove on into Etowah County and was stopped on a bridge near Gadsden. The A. B. C. agents had to drive into the side of appellant's car to stop him. Appellant was then taken to the court house where two cases of whiskey were removed from the rear of his automobile. The whiskey was stamped with the A. B. C. label.

Testimony introduced by appellant showed that he was a resident of Anniston, Calhoun County; that he went to Gadsden in search of lodgings since he intended to move there; that on his return trip to Anniston he did not know that there was any liquor in his car; that he thought the A. B. C. agents were robbers when they tried to stop him.

The cross-examination of witnesses who testified as to the character of defendant in this case was allowable and no error prevailed in the rulings of the court in this connection. The following authorities are conclusive of this question. Holmes v. State, 88 Ala. 26, 7 So. 193, 16 Am.St.Rep. 17; Hill v. State, 194 Ala. 11, 69 So. 941, 2 A.L.R. 509; Hill v. State, 210 Ala. 221, 97 So. 639.

The special written charges refused to defendant were properly refused. And likewise there was no error in the action of the court in overruling and denying defendant's motion for a new trial.

Further discussion of this case is not deemed necessary, hence will not be indulged.

Affirmed.

[1] Ante, p. 210.